RHINELANDER PAPER COMPANY, INC.,
Plaintiff-Respondent,

v.

DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS,
Defendant-Appellant,

Linda M. METROPULOS, Defendant.

Court of Appeals

*No. 83-063. Submitted on briefs January 11, 1984.—*
*Decided June 26, 1984.*
(Also reported in 352 N.W.2d 679.)

For the appellant the cause was submitted on the brief of *Melvin H. Jarchow,* attorney, Labor and Industry Review Commission.

For the respondent the cause was submitted on the brief of *Torgerson Law Offices, S.C.,* and *Daniel C. Huber* of Neenah.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J.   Linda Metropulos lost her job when she became pregnant.  Although she was still able to work, she was unable to do her specific job at the Rhinelander Paper Company, and Rhinelander Paper had no other work for her.  The question is whether she was entitled

to unemployment compensation benefits. We conclude that she was.

Metropulos' job required her to lift objects weighing up to 150 pounds. As a result of her pregnancy, her doctor advised her to do only light work. When she informed Rhinelander Paper of this, she was told that there was no other work available.

Following an informal investigation of Metropulos' claim for benefits, the Department of Industry, Labor and Human Relations found that Metropulos was physically able to work. On the basis of this finding, the department concluded that Metropulos was eligible for benefits. A hearing examiner upheld the department, and the Labor and Industry Review Commission affirmed the examiner.

The circuit court set aside the commission's award, concluding that Metropulos was disqualified by sec. 108.04 (1) (a), Stats., from receiving benefits.[1] Employees covered by this subsection are ineligible for benefits if they are physically unable to do their specific job. The commission contends that sec. 108.04 (1) (a) does not apply to Metropulos' situation and that the court should have applied sec. 108.04 (1) (b) 1, Stats. This subsection does not disqualify an employee who is physically unable to do

[1] Section 108.04, Stats., provides in part:

(1) Availability for work. (a) An employe shall be ineligible for benefits for any week in which he is with due notice called on by his current employing unit to report for work actually available within such week and is unavailable for work or physically unable to do his work.

(b) An employe shall be ineligible for benefits from an employer's account:

1. While he is physically unable to work, or substantially unavailable for work, if his employment with such employer was suspended by the employe or by the employer or was terminated by such employer because the employe was physically unable to do, or unavailable for, his work . . . .

his or her specific job unless the employee is also physically unable to do other work or is substantially unavailable for other work.

We agree with the commission that sec. 108.04(1)(b)1 applies. The application of a statute to a particular set of facts is a question of law. *Bucyrus-Erie Co. v. DILHR,* 90 Wis. 2d 408, 417, 280 N.W.2d 142, 146–47 (1979). Section 108.04(1)(b)1 covers terminations and suspensions of employment resulting from an employee's physical inability to continue to do his or her specific job. This is what happened to Metropulos. Standing alone, this subsection of the statute is unambiguous, and it does not disqualify Metropulos from receiving benefits. Unless an employee is disqualified from receiving benefits by a specific statutory provision, there is a strong presumption in favor of eligibility. *See* sec. 108.02(18), Stats.; *see also Leissring v. DILHR,* 115 Wis. 2d 475, 484, 340 N.W.2d 533, 537 (1983).

The application of sec. 108.04(1)(b)1 to Metropulos' situation is consistent with the legislative intent to permit pregnant women to receive unemployment benefits. Until their repeal in 1973,[2] secs. 108.04(1)(c) and (d), Stats. (1971),[3] provided that pregnant women were

---

[2] Sections 108.04(1)(c) and (d), Stats., were repealed by ch. 247, Laws of 1973.

[3] Sections 108.04(1)(c) and (d), Stats. (1971), provided in part:

(c) A pregnant woman shall be deemed unavailable for work and ineligible for benefits for the period which begins 10 weeks before the week which includes the expected date of childbirth and which ends 4 weeks after the week which includes the date of childbirth. The department may require any such claimant to submit a doctor's certificate to establish such dates.

(d)1. A woman whose eligibility is suspended under par. (c) shall continue to be ineligible, after the 4 weeks specified in

deemed to be unavailable for work and ineligible for benefits for a period of time before and after childbirth. The Legislative Reference Bureau's analysis of the bill that repealed these sections states: "The present prohibition on payment of benefits for ten weeks before and four weeks after childbirth is eliminated. The benefit eligibility in such cases will be determined upon the individual's availability for and ability to work, as in other cases." Extract, Drafting File, 1973 Wis. Laws ch. 247, Legislative Reference Bureau. Metropulos was available for and had the ability to work.

The grant of benefits to Metropulos is also consistent with sec. 108.04(7), Stats.[4] As a general rule, employees who voluntarily terminate their employment are ineligi-

---

par. (c), until the week in which she has notified her most recent employer that she is physically able to work and available for work.

2. Thereafter, until she has had 30 hours of employment in a week, she shall not be eligible for benefits for any week unless she establishes to the satisfaction of the department that in view of labor market conditions she has made an active and bona fide search for employment.

[4] Section 108.04(7), Stats., provides in part:

Voluntary termination of employment. (a) If an employe terminates his or her employment with an employing unit, the employe shall be ineligible for any benefits for the week of termination and thereafter until he or she has again been employed within at least 4 weeks and has earned wages of at least $200, except as otherwise provided in this subsection.

. . . .

(c) Paragraph (a) shall not apply if the department determines that the employe terminated his employment but had no reasonable alternative because he was physically unable to do his work or because of the health of a member of his immediate family; but if the department determines that he is physically unable to work or substantially unavailable for work, he shall be ineligible while such inability or unavailability continues.

ble for benefits. Section 108.04(7)(c) makes an exception, however, for employees who are physically unable to do their job but are otherwise able to work. An employee who is able to work is eligible for benefits. The fact that Metropulos' physical inability to do her job was due to her pregnancy does not make her an exception to this rule. She was able to work, and she is therefore eligible for unemployment benefits.

We reject any construction of 108.04(1)(a) that is inconsistent with this conclusion. If statutes are inconsistent, courts will construe them to accomplish the legislative intent. *See Cross v. Soderbeck,* 94 Wis. 2d 331, 343, 288 N.W.2d 779, 784 (1980).

*By the Court.*—Judgment reversed.