Francisco ESPARZA, Plaintiff-Respondent,

v.

DEPARTMENT OF INDUSTRY, LABOR &
HUMAN RELATIONS, Labor & Industry
Review Commission, Unemployment
Compensation Division and State of Wisconsin,
Defendants-Appellants,

AMERICAN MOTORS CORPORATION,
Defendant.

Court of Appeals

*No. 85–1684. Submitted on briefs April 30, 1986.—Decided
July 9, 1986.*

(Also reported in 393 N.W.2d 98.)

403

For the defendants-appellants, the cause was submitted on the briefs of *Robert C. Reed* of Madison, Wisconsin.

For the plaintiff-respondent, the cause was submitted on the briefs of *Daniel J. Kelley* of *Schoone, McManus, Hankel, Ware & Fortune, S.C.,* of Racine.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.   The Labor and Industry Review Commission (LIRC) appeals from an order of the circuit court setting aside a LIRC decision which determined that Francisco Esparza was ineligible to receive unemployment benefits. LIRC decided that Esparza was ineligible for benefits because he was substantially unavailable for work. Because LIRC's conclusion was reasonable, the circuit court erred by setting aside LIRC's determination. We therefore reverse.

Esparza began working for American Motors Corporation (AMC) in September 1982. His duties included the operation of air guns. During the course of his employment, Esparza developed an injury diagnosed as carpal tunnel syndrome. In 1983, as a result of this injury, Esparza went on medical leave and had surgery on both wrists. When Esparza returned to work, he was placed on light duty with the restriction that he could not operate an air gun. After several weeks, Esparza returned to his regular job duties, including the operation of air guns. Esparza again experienced pain in his

wrists and was permanently restricted from the use of air guns. Esparza's last day of employment was November 4, 1983, when he was laid off by AMC due to his physical restriction, which resulted in an inability to perform his job duties.

Esparza filed weekly claims for unemployment benefits for three weeks in November 1983.[1] An initial determination of benefit eligibility allowed benefits. AMC questioned Esparza's eligibility and appealed the initial determination. A hearing was held before an examiner in December 1983. The examiner reversed the initial determination, finding that Esparza was unavailable for work in the general labor market and was therefore ineligible for unemployment compensation. The examiner's decision also ordered Esparza to repay $588 in unemployment benefits he received over the three weeks. LIRC affirmed the examiner's decision and Esparza sought judicial review.

The circuit court set aside LIRC's decision and reversed the order requiring repayment of benefits. The circuit court found that "[n]o reasonable man could have reached a decision from the evidence in this record and its inferences that the Plaintiff was not substantially available for work." LIRC appeals.

In reviewing a circuit court's reversal of a determination of an administrative agency, this court's scope of review is the same as that of the circuit court. *City of Sheboygan v. WERC,* 125 Wis. 2d 1, 4, 370 N.W.2d 800, 802 (Ct. App. 1985). This court owes no deference to the decision of the circuit court. *Stafford Trucking,*

---

[1] After filing the three claims, Esparza began receiving accident and sickness benefits and did not file any further claims for unemployment compensation.

*Inc. v. DILHR,* 102 Wis. 2d 256, 260, 306 N.W.2d 79, 82 (Ct. App. 1981).

One of the most troublesome issues in administrative law is determining whether application of a statutory standard to a particular fact situation presents a question of fact or of law for purposes of judicial review. *Nigbor v. DILHR,* 120 Wis. 2d 375, 383, 355 N.W.2d 532, 537 (1984). Regardless of the label attached, when an administrative agency determination requires a value judgment, we must decide the extent to which the court should substitute its evaluation for that of the agency. *Id.* Where the expertise of the agency is significant to the value judgment, the agency's decision should be given weight, although it is not controlling. *Id.* at 383–84, 355 N.W.2d at 537. Although the supreme court in *Nigbor* did not expressly abandon the "fact/law" approach for purposes of judicial review, it obviously chose not to apply it. We agree that the standard of review utilized by the supreme court in *Nigbor* which requires deference to a value judgment made by an administrative agency based upon its expertise is the better method of review. We therefore adopt this as our standard of review in this and similar cases.[2]

---

[2] We therefore do not decide whether "substantial unavailability" presents a question of fact or of law. We note that several jurisdictions have labeled this determination a question of fact. *See Warner Press, Inc. v. Review Board,* 413 N.E.2d 1003, 1006 (Ind. Ct. App. 1980); *Frenkel v. Commonwealth Unemployment Compensation Board of Review,* 428 A.2d 776, 778 (Pa. Commw. Ct. 1981).

Section 108.04, Stats., describes qualifications for and limitations on eligibility for unemployment compensation benefits. Section 108.04(1) provides in relevant part:

> (b) An employe shall be ineligible for benefits from an employer's account:
> 1. While he is physically unable to work, or substantially unavailable for work, if his employment with such employer was suspended by the employe or by the employer or was terminated by such employer because the employe was physically unable to do, or unavailable for, his work[.][3]

This subsection does not disqualify an employee who is physically unable to do his or her specific job unless the employee is also physically unable to do other work or is substantially unavailable to do other work. *Rhinelander Paper Co. v. DILHR,* 120 Wis. 2d 162, 164–65, 352 N.W.2d 679, 681 (Ct. App. 1984).

Here, it is not disputed that AMC laid off Esparza because he was physically unable to perform his specific job duties. The only issues at the hearing before the examiner, therefore, were whether Esparza was physically unable to do other work and whether he was substantially unavailable for such work.[4] LIRC has de-

---

[3] The language of sec. 108.04(1)(b)1, Stats., was slightly amended by 1985 Wis. Act 17, sec. 6. The new language only applies to initial determinations after October 1, 1985, and therefore does not apply here.

[4] AMC questioned the initial determination of eligibility based on a physician's report that Esparza was totally disabled, thus raising the issue of Esparza's physical ability to work at any job. At

veloped expertise in determining eligibility for unemployment compensation and this expertise is significant in determining whether a claimant is substantially unavailable for work. LIRC's conclusion should therefore be given weight and deference. *Nigbor,* 120 Wis. 2d at 384, 355 N.W.2d at 537. Thus, we will defer to LIRC's conclusions if they are reasonable, even if we would not have reached the same conclusions. *Id.*

The examiner's findings, as affirmed by LIRC, include the following:

> [T]he employe was unwilling to accept any other employment or to perform any other job duties after his last day of work with the employer. Therefore, his failure to make himself available for work outside of his employment with the employer made him substantially unavailable for work.
>
> The appeal tribunal therefore finds that the employe's employment was suspended in week 46 of 1983, because he was physically unable to do his work and he was substantially unavailable for work on the general labor market when he started his claim for unemployment benefits in the same week, within the meaning of section 108.04(1)(b)1 of the statutes.

We find LIRC's conclusion that Esparza was substantially unavailable for work because he was unwilling to work for any employer other than AMC reasonable. We note that the examiner's findings of fact are conclusive if supported by any credible evidence in the

the beginning of the hearing, however, the examiner set forth the issues as we have here. Neither party objected and both issues were explored during the hearing.

record. *Amtronix Industries, Ltd. v. LIRC,* 115 Wis. 2d 108, 114, 339 N.W.2d 802, 805 (Ct. App. 1983).

The examiner's finding that Esparza was unwilling to work for any employer other than AMC is supported by Esparza's testimony. At the hearing, Esparza testified that during the three-week period for which he filed claims for benefits he was available for work which did not require the use of air guns and that he was registered at a public employment office. Esparza also testified, however, that he was not looking for work during these three weeks and that he would not have accepted a job with another employer. Esparza's testimony initially conveyed an intent to return to work at AMC as soon as a position which did not require operation of an air gun opened. When his union representative attempted to rehabilitate Esparza by asking whether Esparza would accept employment elsewhere, Esparza's answer was equivocal. Only when the question was asked again did Esparza answer affirmatively.

■ Whether Esparza's unwillingness to work for an employer other than AMC results in substantial unavailability for work under the unemployment compensation statutes requires a value judgment. We note that other jurisdictions have held that limiting a willingness to work to only a former employer restricts employability to such a degree so as to render an employee unavailable and detaches the employee from the labor market. *See, e.g., Trabold v. Unemployment Compensation Board of Review,* 159 A.2d 272, 273 (Pa. Super. Ct. 1960). One of the purposes of unemployment compensation is to minimize loss of income from unemployment due to the fault or misfortune of the employer,

but the statute was not intended to provide relief when reasonable work is available which the employee can but will not do. *Kessler v. Industrial Commission,* 27 Wis. 2d 398, 401, 134 N.W.2d 412, 414 (1965). Unemployment compensation is designed to mitigate economic loss to an employee who is committed to the labor market but unable to find work. *Milwaukee Transformer Co. v. Industrial Commission,* 22 Wis. 2d 502, 511, 126 N.W.2d 6, 12 (1964).

As a result of Esparza's unwillingness to work for an employer other than AMC, he was not committed to the labor market and had, effectively, removed himself from it. We acknowledge Esparza's willingness to return to AMC, but he so restricted his availability that we find LIRC's conclusion that he was substantially unavailable for work to be reasonable. Because the circuit court erred by setting aside LIRC's decision, we reverse with directions that LIRC's decision be reinstated.

*By the Court.*—Order reversed and cause remanded with directions.