Mollie BEHNKE, and Norbert Behnke, Petitioners-Appellants,

v.

DEPARTMENT OF HEALTH & SOCIAL
SERVICES of the State of Wisconsin,
Respondent.

Court of Appeals

*No. 87–1921. Argued June 6, 1988.—Decided August 3, 1988.*

(Also reported in 430 N.W.2d 600.)

On behalf of the petitioners-appellants there were briefs and oral argument by *John W. Strasburg, S.C.,* of Milwaukee.

On behalf of the respondent there was a brief by *Donald J. Hanaway,* attorney general, and *Donald P. Johns,* assistant attorney general. There was oral argument to *Donald P. Johns.*

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.   Mollie Behnke and her son Norbert Behnke appeal from a judgment affirming a Department of Health and Social Services (DHSS) determination that the Washington County Department of Health and Social Services (Washington county) was "substantially justified" in denying medical assistance benefits to Mollie.[1] Based upon this determination, DHSS denied Mollie's request for costs and attorney fees pursuant to sec. 227.485(3) and (5), Stats. We affirm the circuit court judgment.

Mollie was admitted to a nursing care facility on December 4, 1985. Just before entering the facility, nearly $19,000 was withdrawn from her savings account. Later, $1200 was redeposited. In a conversation with the facility's personnel at the time of Mollie's admission, Norbert stated that $17,800 had been paid to Benay Campbell, Mollie's granddaughter, for care provided to Mollie over the past five years. When asked if there was a written contract reflecting this arrangement, Norbert answered "no." Subsequently, however, Norbert produced an agreement whereby Campbell had agreed to take Mollie in and

[1]Only Mollie Behnke is noted on the caption of the proceedings before DHSS. However, the circuit court proceedings denote both Mollie Behnke and Norbert Behnke as petitioners. Although Norbert was the active participant in all these proceedings, he was always acting on Mollie's behalf. Our opinion therefore refers to Mollie as the principal petitioner and appellant.

provide her room, board and other services for a monthly sum.

An application for medical assistance was filed on Mollie's behalf on December 12, 1985. The Washington County Department of Health and Social Services denied benefits on January 13, 1986. This denial was based upon "excess assets due to divestment, per sec. 49.45(17), Wis. Stats." Mollie sought review of this determination in an administrative proceeding before DHSS. At the hearing, LaVerne Barfknecht, a disinterested third party, testified that she had seen the agreement in the fall of 1980. Based upon Barfknecht's testimony, the examiner ruled that Mollie was entitled to medical assistance benefits.

Armed with this favorable ruling, Mollie commenced the instant action for her costs and fees pursuant to sec. 227.485, Stats. This statute provides, in part:

> (3) In any contested case in which an individual, a small nonprofit corporation or a small business is the prevailing party and submits a motion for costs under this section, the hearing examiner shall award the prevailing party the costs incurred in connection with the contested case, unless the hearing examiner finds that the state agency which is the losing party was substantially justified in taking its position or that special circumstances exist that would make the award unjust.
> . . . .
> (5) If the hearing examiner awards costs under sub. (3), he or she shall determine the costs under this subsection, except as modified under sub. (4). The decision on the merits of the case shall be placed in a proposed decision and submitted under ss. 227.47 and 227.48. The prevailing party

shall submit, within 30 days after service of the proposed decision, to the hearing examiner and to the state agency which is the losing party an itemized application for fees and other expenses, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The state agency which is the losing party has 15 working days from the date of receipt of the application to respond in writing to the hearing examiner. The hearing examiner shall determine the amount of costs using the criteria specified in s. 814.245(5) and include an order for payment of costs in the final decision.

DHSS held a hearing on Mollie's application for her costs and attorney fees and concluded that Washington county's actions were "substantially justified" under this statute.[2] Mollie petitioned for judicial review of this DHSS decision pursuant to sec. 227.52, Stats. The circuit court affirmed the agency decision. This appeal followed.

"Substantially justified" is defined as "having a reasonable basis in law and fact." Sec. 227.485(2)(f), Stats. Section 227.485 is premised upon the federal Equal Access to Justice Act, 5 U.S.C. sec. 504. Sec. 227.485(1). The legislature intended that hearing examiners and courts be guided by the applicable

[2]On appeal, DHSS argues that the Washington county DHSS is not a "state agency" for purposes of a sec. 227.485, Stats., proceeding. Pursuant to *Sheely v. DHSS,* 145 Wis. 2d 328, 333, 426 N.W.2d 367, 369 (Ct. App. 1988), DHSS is correct. However, this issue was not raised before DHSS. Therefore, it is waived. *See Goranson v. DILHR,* 94 Wis. 2d 537, 545, 289 N.W.2d 270, 274 (1980).

federal case law interpreting the equivalent federal act. *Id.*

We start with the proposition that merely because the government loses a case, an award under sec. 227.485, Stats., is not justified. *Griffon v. United States Dep't of Health & Human Servs.,* 832 F.2d 51, 52 (5th Cir. 1987). The test is essentially one of reasonableness, without more. *S & H Riggers & Erectors, Inc. v. Occupational Safety & Health Review Comm'n,* 672 F.2d 426, 430 (5th Cir. 1982).

In determining whether the governmental action had a reasonable basis in fact and law, DHSS urges us to adopt an "arguable merit" test. DHSS reasons that this test lies somewhere between frivolous actions at one end of the spectrum and the substantial evidence test at the other. We agree.

The remedies under sec. 227.485, Stats., must address some scenario other than those contemplated by the frivolous action statute, sec. 814.025, Stats. If it were otherwise, sec. 814.025 would be rendered meaningless in this area. Such statutory interpretations are to be avoided. *Liles v. Employers Mut. Ins.,* 126 Wis. 2d 492, 503, 377 N.W.2d 214, 220 (Ct. App. 1985). Also, if we concluded that failure to meet the substantial evidence test warranted a determination of no substantial justification, we would run afoul of the *Griffon* rule that merely losing a case does not warrant relief under the equivalent federal statute. Therefore, we conclude that in order to demonstrate a reasonable basis for its position, the government's position must have some arguable merit.

We cannot define for all cases precisely what constitutes arguable merit. Of necessity, this question

must be resolved on a case-by-case basis. We can state, however, that a position with arguable merit is one which lends itself to legitimate legal debate and difference of opinion viewed from the standpoint of reasonable advocacy.

■ We now address our standard of review for the "reasonable basis in law and fact" test set out in sec. 227.485(2)(f), Stats. In *Esparza v. DILHR,* 132 Wis. 2d 402, 393 N.W.2d 98 (Ct. App. 1986), we concluded that the traditional fact/law analysis to an agency determination was inappropriate when reviewing a value judgment of the agency. *Id.* at 406, 393 N.W.2d at 100. *See also Nigbor v. DILHR,* 120 Wis. 2d 375, 383, 355 N.W.2d 532, 537 (1984). Instead, we concluded that where the expertise of the agency is significant to the determination, the agency's decision should be given weight, although it is not controlling. *Id.* at 383–84, 355 N.W.2d at 537.

■ DHSS is the agency charged with the administration of the medical assistance program. Determination of eligibility for benefits is uniquely reserved to DHSS. This process invokes the agency's expertise. Such a determination, we conclude, represents a value judgment to which we must give appropriate deference and weight.

We now turn to the specifics of this case. Section 49.45(17), Stats., provides, in part:

> **(17)** DIVESTMENT. (a) In this subsection, "resource" does not include any resource excluded when determining eligibility for supplemental security income under 42 USC 1382b(a). For the purposes of this subsection the value of any resource is its fair market value at the time it was

disposed of, minus the amount of compensation received for the resource.

(b) In determining the resources of each applicant for medical assistance or in redetermining a recipient's eligibility for medical assistance, the department shall include any resource the applicant or recipient has disposed of for less than its fair market value, if the disposal occurred within 24 months preceding the determination. The department shall presume that the disposal occurred for the purpose of establishing eligibility for medical assistance, unless the person provides convincing evidence to the contrary.

Under sec. 49.45(17)(b), Stats., and Wis. Adm. Code sec. **HSS 103.02(2),** any property given away within two years before consideration for entitlement must be counted as an asset for purposes of making the eligibility determination unless there is *convincing* evidence that the property was not transferred for the specific purpose of creating eligibility.

DHSS policy, as set forth in the *Medical Assistance Eligibility Handbook,* Bureau of Economic Assistance, Division of Community Servs., Dep't of Health & Social Servs. app. No. 25 (July 1, 1985), states:

Divestment:   The conveyance, transfer or disposition of goods or property for a value received which is less than the net market value.

. . . .

Value received:   The dollar value of what is received in return for the property. For example:

. . . .

5.   Services assigned a valuation equal to the cost of purchase on the open market. *Unless there is evidence of a prior contract for payment, assume*

*that the services which family members and rela-
tives do for one another are done free of charge.*
[Emphasis added.]

The justification for the above policy is self-evident. It seeks to eliminate artificial eligibility for medical assistance benefits created by the conveyance of the applicant's property to a relative under the guise of a services rendered arrangement.

With these guidelines in mind, we conclude that DHSS' value judgment that Washington county's denial of Mollie's medical assistance application was "substantially justified" must be respected.

Norbert twice told Mary Miller, a supervisor at the facility, that there was no written contract for Benay Campbell's services. In light of these remarks, the county's skepticism when the agreement was later produced was warranted. At the hearing, Norbert attempted to explain away his initial denial that a contract existed by asserting his belief that a contract differed from an agreement. The examiner noted that this testimony was "not credible" and "unpersuasive." The county's position was further justified in light of the fact that the monthly payments as called for in the agreement had not been made. Instead, a lump sum withdrawal and payment to Campbell was made only a matter of days before Norbert had his discussions with the facility's personnel.

■

It was only LaVerne Barfknecht's testimony that she saw the services reimbursement document in the fall of 1980 which saved the day for Mollie's medical assistance application. This testimony first surfaced at the hearing when Mollie sought review of the local DHSS determination of no eligibility. Without this testimony, the examiner noted that the county's

decision denying medical assistance benefits would have stood. In light of the applicable law and facts, the county's position in denying Mollie's application had arguable merit. Therefore, it was reasonably based in law and fact.

*By the Court.*—Judgment affirmed.