Wendy KITSEMBLE, Petitioner-Respondent,

v.

## DEPARTMENT OF HEALTH & SOCIAL SERVICES, of the State of Wisconsin, Appellant.

Court of Appeals

*No. 87–0896. Submitted on briefs January 11, 1988.—Decided March 17, 1988.*

(Also reported in 422 N.W.2d 896.)

For the appellants the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, and *Charles D. Hoornstra,* assistant attorney general.

For the petitioner-respondent the cause was submitted on the brief of *Sheila C. Ellefson,* and *Western Wisconsin Legal Services,* of Dodgeville.

Before Gartzke, P.J., Dykman and Sundby, JJ.

DYKMAN, J. The Wisconsin Department of Health and Social Services (DHSS) appeals from an order awarding costs and attorney fees to Wendy Kitsemble as a "prevailing party" in her action against DHSS, pursuant to sec. 814.245(3), Stats.[1] Because we conclude that Kitsemble was not a "prevailing party" within the meaning of sec. 814.245(3), we reverse.[2]

---

[1]Section 814.245(3), Stats., provides:

> If an individual ... is the prevailing party in any action by a state agency ... and submits a motion for costs under this section, the court shall award costs to the prevailing party, unless the court finds that the state agency was substantially justified in taking its position or that special circumstances exist that would make the award unjust.

[2]Because of our determination of this issue, we do not reach the questions whether this was an action "by a state agency,"

## FACTS

Kitsemble, an AFDC recipient, withheld rent payments in a dispute with her landlord. The landlord threatened to evict Kitsemble and her family. The Iowa County Department of Social Services put the Kitsembles on "protective payee status," which meant that the county would pay the landlord directly out of Kitsemble's AFDC allotment, with the balance going to Kitsemble. The county did not advise Kitsemble of her right to a stay of the protective payee order if she requested a hearing. Kitsemble requested a hearing approximately a month later, but asked that she not receive benefits pending the hearing.

After a hearing, the state examiner concluded that the county had not given Kitsemble notice of her appeal rights but that the issue was moot because Kitsemble had moved from the county. The examiner did not address Kitsemble's claim that the county must pay Kitsemble rent money it had withheld. Kitsemble asked the examiner to clarify this issue. The examiner refused to order the county to pay the money to Kitsemble because the county had already paid the landlord the withheld rent pursuant to a court order. DHSS denied Kitsemble's rehearing request, and Kitsemble petitioned for judicial review.

In her amended petition for review, Kitsemble requested "the Court to modify the Department's decision to require the Department to reimburse

whether DHSS's position was substantially justified, whether special circumstances make an attorney fee award unjust, or whether sec. 814.245, Stats., costs can be awarded against a state agency acting in its adjudicative capacity. *See Sweet v. Berge,* 113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983) (if we dispose of case on one issue, we need not reach other issues).

petitioner for the amount withheld from her January, February and March 1986 AFDC grant checks and make an award of reasonable attorney's fees pursuant to sec. 814.245(3), Wis. Stats."

The circuit court did not order reimbursement but instead ordered a rehearing. On Kitsemble's later motion, the court granted Kitsemble attorney fees and costs incurred in the judicial review pursuant to sec. 814.245(3), Stats.

■ The interpretation of a statute is a question of law which we review *de novo. In Interest of J. V. R.,* 127 Wis. 2d 192, 199, 378 N.W.2d 266, 269 (1985). Our interpretation of sec. 814.245(3), Stats., is guided by federal case law "interpreting substantially similar provisions under the federal equal access to judgment act." Section 814.245(1).[3] Sections 814.245(3) and 28 U.S.C. 2412(d)(3)[4] provide that a court shall award attorney fees and expenses to a prevailing party in a

[3]Section 814.245(1), Stats., refers us to case law interpreting 5 U.S.C. sec. 504. Section 504(c)(1) provides: "If a court reviews the underlying decision of the adversary adjudication, an award for fees and other expenses may be made only pursuant to section 2412(d)(3) of Title 28, United States Code." Kitsemble sought review of the underlying decision, so we look to federal case law interpreting 28 U.S.C. sec. 2412(d)(3).

[4]28 U.S.C. sec 2412(d)(3) provides in part:

In awarding fees and other expenses under this subsection to a prevailing party in any action for judicial review of an adversary adjudication, as defined in subsection (b)(1)(C) of section 504 of title 5, United States Code, ... the court shall include in that award fees and other expenses to the same extent authorized in subsection (a) of such section, unless the court finds that during such adversary adjudication the position of the United States was substantially justified, or that special circumstances made an award unjust.

judicial review of an agency decision. We conclude that the state and federal provisions are substantially similar.

The issue is whether Kitsemble, because she was granted a rehearing, is a "prevailing party" within the meaning of sec. 814.245(3), Stats., and is thereby entitled to attorney fees and costs incurred in the judicial review.

■

A petitioner prevails within the meaning of 28 U.S.C. sec. 2412(d)(3), the federal counterpart to sec. 814.245(3), Stats., only if: (1) he or she succeeds on any significant issue in litigation which achieves some of the benefit sought in bringing suit, *Massachusetts Fair Share v. Law Enforcement,* 776 F.2d 1066, 1067 (D.C. Cir. 1985); (2) the petitioner receives a favorable settlement from the agency as a result of the litigation, *National Treasury Employees Union v. I.R.S.,* 735 F.2d 1277, 1278 (11th Cir. 1984); or (3) on remand to the agency, the petitioner prevails on some of his or her claims, *McGill v. Secretary of Health & Human Services,* 712 F.2d 28, 32 (2d Cir. 1983), *cert. denied,* 465 U.S. 1068 (1984).

■

We conclude that Kitsemble was not a "prevailing party" because a petitioner must first receive at least some of the relief he or she requests in order to prevail within the meaning of sec. 814.245(3), Stats.

*By the Court.*—Order reversed and cause remanded for proceedings consistent with this opinion.