Linda SHEELY, Petitioner-Respondent-Petitioner,

v.

Wisconsin DEPARTMENT OF HEALTH & SOCIAL
SERVICES, Appellant.

Supreme Court

*No. 87–2121. Argued March 29, 1989.—Decided June 21, 1989.*

(Also reported in 442 N.W.2d 1.)

For the petitioner-respondent-petitioner there were briefs by *Thomas L. Rhorer* and *Western Wisconsin Legal Services,* LaCrosse, and oral argument by *Mr. Rhorer.*

For the appellant the cause was argued by *F. Thomas Creeron, III,* assistant attorney general, with whom on the briefs was *Donald P. Johns,* assistant attorney general, and *Donald J. Hanaway,* attorney general.

Amicus curiae brief was filed by *Jeffrey Spitzer-Resnick,* Madison, for Center for Public Representation.

DAY, J.   This is a review of a decision by the court of appeals, *Sheely v. DHSS,* 145 Wis. 2d  328, 426 N.W.2d 367 (Ct. App. 1988), which reversed a judgment[1] for costs and fees against the Wisconsin Department of Health and Social Services (DHSS) by the Circuit Court for Juneau County, Honorable Wallace A. Brady, Judge. Linda Sheely (Sheely) petitioned the circuit court for an award of costs and attorney's fees pursuant to sec. 814.245(3), Stats 1985–86.[2] The circuit court held that a "circuit court can award fees to the prevailing party on

---

[1] As the court of appeals noted, "the document appealed from is entitled 'Memorandum of Decision of Motion for Costs.' " *Id.* 145 Wis. 2d  at 329, n. 1. The court of appeals treated this document as a final judgment and so do we. This is not an issue in dispute between the parties.

[2] Section 814.245(3), Stats., provides:

**814.245 Actions by state agencies . . . (3)** If an individual, a small nonprofit corporation or a small business is the prevailing party in any action by a state agency or in any proceeding for judicial review under s. 227.485(6) and submits a motion for costs under this section, the court shall award costs to the prevailing party, unless the court finds that the state agency was substantially justified in taking

review, whether or not costs are available within the administrative proceedings." It also concluded that DHSS's position that Sheely was not "disabled" was not "substantially justified" and awarded costs and attorney's fees to Sheely.

The court of appeals reversed; holding DHSS was not a party in the action, and that "there is no express statutory authorization allowing attorney fees and costs to be taxed against a state agency acting in its adjudicative capacity." *Id.* 145 Wis. 2d at 333, 335. We reverse because we hold DHSS was a party to this action and sec. 814.245(3), Stats., permits costs to be assessed against a state agency which has taken a position not substantially justified in its adjudicative capacity. We further hold that the circuit court had jurisdiction to determine whether costs could be assessed and that it correctly concluded the position advocated by DHSS was not substantially justified. We conclude Sheely is permitted to collect fees and costs pursuant to sec. 814.245(3).

Four principal issues are presented. First, did the circuit court have jurisdiction to award costs and fees pursuant to sec. 814.245(3), Stats.? We hold the circuit court did have jurisdiction. The circuit court retains jurisdiction to assess costs and fees pursuant to sec. 814.245(3) once it has remanded a decision by DHSS back for further proceedings and it need not explicitly state it is retaining such jurisdiction. Second, was DHSS a party to the action as described in sec. 814.245(3)? We hold that DHSS was a party when the circuit court held the determination by DHSS was invalid and remanded the cause back to DHSS. Third, may fees and costs be

its position or that special circumstances exist that would make the award unjust.

assessed against DHSS pursuant to sec. 814.245 if it was acting in its "adjudicative" capacity? We hold the statute makes no distinction between the different "functions" of a state agency. Here, DHSS may be assessed costs. Fourth, was the determination by DHSS that Sheely was not "disabled" substantially justified? We conclude it was not.

The facts are undisputed. In September of 1985, Sheely applied to the Juneau County Department of Social Services (Juneau County)[3] for Medical Assistance (M.A.), also known as Medicaid.

> Medicaid is a joint federal and state program which provides payment for medical services to eligible persons. The program was created in 1965 under Title XIX of the Social Security Act to provide assistance to both categorically needy and medically needy individuals . . .. Wisconsin's plan includes both groups.

[3] The court of appeals held that Juneau County was the party to the action and not DHSS. *Sheely,* 145 Wis. 2d at 333. We note, however, that the county's role in determining Sheely's disability status and eligibility for medical assistance is very limited. The court of appeals notes that Juneau County denied Sheely's application based on a division of DHSS's determination that Sheely was not disabled. *Id.* 145 Wis. 2d at 330–31.

The duties and powers relating to social services and welfare are expressly delegated to the counties in sec. 46.22, Stats. 1985–86. Conspicuously absent from the many programs is medical assistance. Rather, DHSS is given the express responsibility to "[a]dminister public assistance as provided in ch. 49." Section 46.03(5), Stats. 1985–86. Under chapter 49, DHSS may delegate some administrative functions relating to medical assistance, but "determination of eligibility for benefits [of the medical assistance program] is uniquely reserved to DHSS." *Behnke v. DHSS,* 146 Wis. 2d 178, 184, 430 N.W.2d 600 (Ct. App. 1988).

*Swanson v. Health and Social Services Dept.*, 105
Wis. 2d 78, 83, 312 N.W.2d 833 (Ct. App. 1981) (foot-
notes omitted).

> The "categorically needy" are those individuals or
> families who are eligible for medicaid because they
> are eligible for Aid to Families with Dependent chil-
> dren ("AFDC") or Supplemental Security Income
> ("SSI") benefits . . .. Also included within this class
> are individuals who are excluded from AFDC or SSI
> because of an eligibility requirement that does not
> apply to medicaid. The "medically needy" are those
> individuals not receiving AFDC or SSI, but whose
> income and resources, in comparison to their medical
> expenses, are within the limits established by the
> Department of Health and Human Services . . ..
> Coverage of this latter class of persons is optional for
> a state which participates in the program.

*Crippen v. Kheder*, 741 F.2d 102, 103 (6th Cir. 1984).
*See also Rousseau v. Bordeleau*, 624 F. Supp. 355 (D.
R.I. 1985).

Sheely applied as "medically needy" under sec.
49.47(4), Stats.[4] Ms. Sheely also applied to the Social
Security Administration for Supplemental Security
Income (SSI).[5]

Based on her medical record, the State Bureau of
Social Security Disability Insurance (BSSDI), a division

---

[4] Section 49.47, Stats. 1985–86 provides:

**49.47 Medical assistance; medically indigent . . ..** (4) Eligi-
bility. (a)   Any individual who meets the limitations on income and
resources under pars. (b) and (c) shall be eligible for medical assis-
tance under this section if such individual is: . . . 4.   Blind or totally
and permanently disabled as defined under federal Title XVI.

[5] Indigent persons receive the payment of disability benefits
under SSI. *Bowen v. Yuckert*, 482 U.S. 137, 107 S. Ct. 2287, 2290
(1987).

of DHSS, determined that Sheely was not "disabled." This determination was based on federal law which interpreted the federal Title XVI definition of "disability" as contained in 42 USC sec. 1382c(a)(3). Relying on this determination, Juneau County denied Sheely's application for M.A. in December of 1985. *See Sheely,* 145 Wis. 2d at 331.

Ms. Sheely appealed for an administrative hearing to review the determination by Juneau County. In a decision designated "a final administrative decision of the [DHSS]," a hearing examiner held "[t]he determination of [BSSDI] must be sustained." Sheely then requested a rehearing of the decision by DHSS pursuant to sec. 227.12, Stats. This request was denied by "a final administrative decision of the [DHSS]" on March 31, 1986.

Ms. Sheely next petitioned the Circuit Court of Juneau County "to review a final decision of the Wisconsin Department of Health and Social Services (DHSS) dated March 31, 1986." DHSS was named the defendant and appeared in court as such. In a memorandum decision dated October 2, 1986, the circuit court held the hearing examiner "failed to apply the correct legal standards to all the facts of the case." It found the hearing examiner "relied on the Medical Vocational Guidelines, known as the "grid" (See 20 C.F.R., part 404, subpart P, Appendix 2) to find that jobs existed which Sheely could perform. However, some of [Sheely's] impairments, . . . were non-exertional. Because of these non-exertional disabilities, the grid should not have been used." The case was remanded back to DHSS for further proceedings.

Subsequent to the circuit court's order, but prior to any further proceedings, a federal administrative law judge found Sheely "had been under a 'disability' as

defined in the Social Security Act." Consequently, Sheely became eligible for SSI benefits.[6] This determination also made Sheely eligible for M.A. under sec. 49.46(1)(a)4, Stats.[7] Sheely's attorney notified the state hearing examiner of the federal decision and stated the matter would be moot and DHSS could "close [its] file." A decision by DHSS dated May 15, 1987, ordered "that the instructions of the Circuit Court for Juneau County be considered complied with and [its] file on the matter closed." This decision was also labeled a "final administrative decision of the [DHSS]."

Sheely then petitioned the circuit court on June 4, 1987, pursuant to sec. 814.245(3), Stats., to recover costs and attorney's fees for the circuit court's prior review of the matter. According to the memorandum decision of September 23, 1987, the only issues contested were: whether DHSS was a party to the action and whether its conclusion that Sheely was not disabled was substantially justified. It does not appear that DHSS contested whether Sheely was a "prevailing party." The circuit court concluded that Sheely was a "prevailing party" and that DHSS's determination that Sheely was without a disability was not "substantially justified" because the "position had no reasonable basis in law or fact." It also held it could award costs and fees against DHSS "whether or not costs [were] available within the administrative proceedings." DHSS did not challenge the

---

[6] The record contains very little information about Sheely's application for SSI. A general explanation of this procedure is contained in *Bowen v. Yuckert,* 107 S. Ct. at 2291.

[7] Section 49.46(1)(a)4, Stats., provides:

**49.46 Medical assistance; recipients of social security aids.**
**(1) Eligibility. (a)** The following shall receive medical assistance under this section: . . . 4. Any person receiving benefits under s. 49.177 or federal Title XVI [SSI].

amount requested. Sheely's motion for costs was granted and DHSS appealed.

The court of appeals reversed. *Sheely,* 145 Wis. 2d at 335. It "conclude[d] that the DHSS was not a party within the meaning of sec. 814.245(3), Stats., and that sec. 814.245(3) does not allow costs and fees to be granted against a state agency acting in its adjudicative capacity." *Id.* Judge Sundby dissented. He concluded fees and costs could be awarded under sec. 814.245(3), Stats., if a state agency "appears in a proceeding for judicial review under sec. 227.485(6), Stats." and if the other conditions of sec. 814.245 were met. *Id.* 145 Wis. 2d at 340 (Sundby, J., dissenting). We granted Sheely's petition for review.

At oral argument, a newly assigned attorney representing DHSS for the first time questioned whether the circuit court had jurisdiction to award costs. Counsel for Sheely was unaware of this argument until that moment. This court requested supplemental briefs on the issue and the parties supplied such briefs.

This is the first time this court has reviewed Wisconsin's Equal Access to Justice Act, secs. 814.245 and 227.485, Stats. The court of appeals has, however, reviewed it in *Kitsemble v. DHSS,* 143 Wis. 2d 863, 422 N.W.2d 896 (Ct. App. 1988) and *Behnke v. DHSS,* 146 Wis. 2d at 178. Our interpretation of these statutes is to be "guided by federal case law . . . interpreting substantially similar provisions under the federal equal access to justice act, 5 USC 504." Sections 814.245(1) and 227.245(1).

■

A construction of a statute or the application of statute to a particular set of facts is a question of law which this court reviews without deference to the lower courts' determination. *Minuteman, Inc. v. Alexander,*

147 Wis. 2d 842, 853, 434 N.W.2d 773 (1989). "[C]osts may not be taxed against the state or an administrative agency of the state unless expressly authorized by statute." *Martineau v. State Conservation Comm.*, 54 Wis. 2d 76, 79, 194 N.W.2d 664 (1972). "Even though statutes allowing the taxation of costs against the sovereign are, in a sense, remedial, they are in derogation of the common law and should, therefore, be strictly construed." *Id.* 54 Wis. 2d at 80. Strict construction, however, is a rule of construction only, not a rule of law and it must yield to clear evidence of an intention on the part of the legislature. *Herchelroth v. Mahar*, 24 Wis. 2d 444, 448–49, 129 N.W.2d 140 (1964). *See also Heiden v. Milwaukee*, 226 Wis. 92, 101, 275 N.W. 922 (1937) ("It is true that statutes in derogation of the common law are to be strictly construed, but that does not mean that the court is to struggle to defeat the purposes of the legislature.") (Citation omitted.).

## *JURISDICTION*

At oral argument DHSS first argued the circuit court lacked jurisdiction to assess costs pursuant to sec. 814.245, Stats. Section 814.245(6) states that "a party seeking an award under this section shall, within 30 days after final judgment in the action, submit to the clerk" an itemized application for fees and other expenses. DHSS asserts Sheely failed to apply for costs within thirty days after the circuit court's remand became final and therefore the circuit court lacked jurisdiction. We disagree.

Section 814.245, Stats., contains substantially similar language as that in 5 USC sec. 405(c)(2) (1985).[8]

---

[8] 5 USC sec. 504(c)(2) (1985) provides in part:

504. Costs and fees of parties . . . (c) . . . (2)   If a party other

Under the Federal Equal Access to Justice act [EAJA] the thirty-day time limit is a jurisdictional question. *MacDonald Miller Co. v. N.L.R.B.*, 856 F.2d 1423, 1424 (9th Cir. 1988). *See also J-I-J Const. Co. v. U.S.*, 829 F.2d 26, 29 (Fed. Cir. 1987); *Sonicraft, Inc. v. N.L.R.B.*, 814 F.2d 385, 386 (7th Cir. 1987); *Clifton v. Heckler*, 755 F.2d 1138, 1144 (5th Cir. 1985). This jurisdictional question cannot be waived and may be first raised on appeal. *See Cassata v. Federal Savings & Loan Ins. Corp.*, 445 F.2d 122, 126 (7th Cir. 1971) ("The bar of a judgment for costs against the United States under the doctrine of sovereign immunity presents a jurisdictional question which cannot be waived and may be first raised on appeal.").

■ There appear to be different approaches in the federal courts as to which moment is significant when measuring the thirty day jurisdictional requirement. Some courts permit the taxation of costs if a party successfully obtains a remand from a federal district court. *See Bohn v. Heckler*, 613 F. Supp. 232 (E.D. Ill. 1985); *Sizemore v. Heckler*, 608 F. Supp. 911 (E.D. Ill. 1985). The majority of federal courts, however, hold a party is eligible to receive fees and costs pursuant to the EAJA only after the matter is disposed of in favor of them on remand.

than the United States is dissatisfied with a determination of fees and other expenses made under subsection (a), that party may, within 30 days after the determination is made, appeal the determination to the court of the United States having jurisdiction to review the merits of the underlying decision of the agency adversary adjudication.

5 USC sec. 504(c)(1) states, "If a court reviews the underlying decision of the adversary adjudication, an award for fees and other expenses may be made only pursuant to section 2412(d)(3) of title 28, United States Code." 28 USC sec. 2412(d) also requires a thirty day limit to file for costs and fees.

> When a court vacates an administrative decision and remands the matter for reconsideration, the successful party generally should not recover attorney's fees at that particular time since the claimant's rights and liabilities and those of the government have not yet been determined.

*Brown v. Secretary of Health and Human Services,* 747 F.2d 878, 883 (3rd Cir. 1984).

"Fees may be awarded 'only to a party who has established his entitlement to some relief on the merits of his claims.' " *Id.* at 883 quoting *Hanrahan v. Hampton,* 446 U.S. 754, 757 (1980) (per curiam) (a civil rights case). *See also McGill v. Secretary of Health and Human Services,* 712 F.2d 28, 32 (2nd Cir. 1983), *cert. denied* 465 U.S. 1068 (1984) ("[plaintiff] will not become a prevailing party unless and until she is awarded benefits, at which time her application for appropriate attorney's fees may again be considered."). This position has been adopted by the United States Seventh Circuit Court of Appeals, *Singleton v. Bowen,* 841 F.2d 710, 711 (7th Cir. 1986); a Wisconsin federal district court, *Hutchinson v. Heckler,* 612 F. Supp. 264 (E.D. Wis. 1985); and the Wisconsin Court of Appeals in *Kitsemble,* 143 Wis. 2d at 863. We conclude the later position followed by the majority of courts to be the soundest and so we adopt it.

Here, Sheely concurrently petitioned the circuit court for both a final judgment and an award of fees and costs. In *Auke Bay Concerned Citizen's v. Marsh,* 779 F.2d 1391, 1393 (9th Cir. 1986), the court held an application of fees is timely if the applicant files no more than thirty days after the final judgment and the applicant is able to show they are a prevailing party; eligible to receive an award under the EAJA. In *Auke,* a motion pursuant to the EAJA was submitted eight months prior

to the formal-final judgment in the case. Other circuits have also held applications filed prior to the entry of final judgment are timely. *See Miller v. United States,* 753 F.2d 270, (3rd Cir. 1985), *Matter of Esmond,* 752 F.2d 1106, 1109 (5th Cir. 1985); *But see Guthrie v. Schweiker,* 718 F.2d 104, 106 (4th Cir. 1983) (when no final judgment is filed by the district court on remand, claimant's attorney may refile for costs and fees when a final judgment is entered). We conclude the application for costs and fees with a request for the circuit court to enter final judgment is timely here. This approach of concurrent motions for final judgment and an award of costs under the EAJA has been approved and adopted by a federal district court in Wisconsin. *Andino v. Heckler,* 609 F. Supp. 293, 295 (E.D. Wis. 1985). Thus Sheely's application for costs and fees pursuant to sec. 814.245, Stats., was timely and the circuit court retained jurisdiction to award such fees and costs.

DHSS also argues that the determination of whether Sheely is a "prevailing party" presents a jurisdictional question. We disagree. Whether a party is a "prevailing party" is a question on the merits of the case as to whether that party received the benefits or relief requested.

Here Sheely is a "prevailing party." She asked the circuit court to review DHSS's determination that she was not "disabled" and not qualified for medical assistance. The circuit court held DHSS had incorrectly determined her status and ordered a remand. Subsequently a federal administrative judge concluded Sheely was "disabled" and she received medical assistance pursuant to sec. 49.46(1)(a), Stats. DHSS did not refute this "disability" determination and closed its file. Sheely ultimately received the result and relief she initially requested and therefore she is a "prevailing party."

DHSS urges this court to adopt the position that the circuit court must explicitly state it is retaining jurisdiction to assess costs and fees when it remands a matter back to it for further proceedings on the merits of the case. We find no reason for such a requirement.

## DHSS IS A PARTY

The court of appeals held that Juneau County, not DHSS, was a party to this action as enunciated in sec. 814.245, Stats. *Sheely,* 145 Wis. 2d at 333. But as Judge Sundby noted, this is a non-issue. Sheely brought this action under the second clause of sec. 814.245(3) which states: "or in any proceeding for judicial review under s. 227.485(6) . . ." *Id.* 145 Wis. 2d at 336 (Sundby, J., dissenting). We further note that Sheely petitioned for review of a "final administrative decision of DHSS" dated March 31, 1986, in the circuit court. DHSS appeared and was represented by counsel at the judicial review. It is for this proceeding which Sheely attempts to recover costs and fees pursuant to sec. 814.245(3). Juneau County was not a party in this portion of the proceedings.

## ADJUDICATIVE CAPACITY OF DHSS.

The court of appeals also held that "section 814.245(3) . . . does not allow attorney fees and costs to be assessed against an agency acting in its adjudicative capacity." *Id.* 145 Wis. 2d at 333. By tracing the various interrelated statutes, secs. 814.245(3), 227.485(6), 227.485(5), and 227.485(3), Stats., the court of appeals concluded "because the DHSS was not a 'party' within the meaning of sec. 227.485(3) and Sheely never moved the hearing examiner for costs, as required under 227.485(3), the prerequisites for a 'proceeding for judicial

review under s. 227.485(6)' do not exist." *Id.* 145 Wis. 2d at 335.

Section 814.245(3), Stats., provides:

**814.245 Actions by state agencies . . .. (3)** If an individual, a small nonprofit corporation or a small business is the prevailing party in any action by a state agency or in any proceeding for judicial review under s. 227.485(6) and submits a motion for costs under this section, the court shall award costs to the prevailing party, unless the court finds that the state agency was substantially justified in taking its position or that special circumstances exist that would make the award unjust.

Section 227.485(6), Stats., provides:

**227.485 Costs to certain prevailing parties . . .. (6)** A final decision under sub. (5) is subject to judicial review under s. 227.52. If the individual . . . is the prevailing party in the proceeding for judicial review, the court shall make the findings applicable under s. 814.245 and, if appropriate, award costs related to that proceeding under s. 814.245, regardless of who petitions for judicial review. In addition, the court on review may modify the order for payment of costs in the final decision under sub. (5).

Section 227.485(5), Stats., states in part:

**(5)** The decision on the merits of the case shall be placed in a proposed decision and submitted under s. 227.47 and 227.48 . . . The hearing examiner shall determine the amount of costs using the criteria specified in s. 814.245(5) and *include an order for payment of costs in the final decision.* (Emphasis added.)

The court of appeals interpreted sec. 227.485(5), Stats., and sec. 227.485(3) as only applying to situations

where costs were requested by a party at an administrative hearing. Section 227.485(5), however, includes a decision on the merits as also being a "final decision." If the court of appeals' interpretation that a "final decision" is only a decision in which a hearing examiner rendered a decision on costs is correct, then the final sentence of sec. 227.485(5) ("The hearing examiner shall determine the amount of costs . . . and include an order for payment of costs in the final decision."), becomes superfluous and absurd. Judge Sundby reached this very conclusion in his dissent. *Sheely*, 145 Wis. 2d at 338–39. Such a construction is to be avoided. *Laridaen v. Railway Express Agency, Inc.*, 259 Wis. 178, 182, 47 N.W.2d 727 (1951) (statutes which are strictly construed should nevertheless be construed to avoid an absurd result).

A statute is ambiguous, if more than one reasonable meaning can be attributed to a statute. *West Allis School Dist. v. DILHR*, 116 Wis. 2d 410, 418–19, 342 N.W.2d 415 (1984). To construe a statute which is ambiguous, the intent of the legislature in using the word or phrase should be determined by examining its scope, history, context, subject matter, and objective. *Id.* 116 Wis. 2d at 419.

The Legislative Reference Bureau Analysis of 1985 Special Session Senate Bill 10, which was enacted and created sec. 814.245, Stats., states:

> This bill provides procedures for awarding a more complete recovery of actual costs for individuals and small businesses if they prevail in an administrative contested case proceeding or judicial review of a contested case proceeding, regardless of who initiates the proceeding or review . . . ..

This analysis was present on the bill when the legislature voted on it and this court has held such an analysis as "significant" in determining legislative intent. *West Allis School Dist.*, 116 Wis. 2d at 422.

In *Berman v. Schweiker*, 713 F.2d 1290, 1297 (7th Cir. 1983), the purposes of the EAJA were discussed:

> The purposes of the Act are threefold: (1) to encourage private litigants to pursue their administrative and civil actions against the government and not be deterred by the prospect of having to absorb the cost of their own attorneys' fees; (2) to compensate parties for the cost of defending against unreasonable government action; and (3) to deter the federal government from prosecuting or defending cases in which its position is not substantially justified.

To adopt the court of appeals' interpretation of the statute would clearly frustrate the intention of the legislature when it was enacted. Under the court of appeals' reasoning, one could only collect attorney's fees if such fees were requested from a hearing examiner. It would eliminate those claimants who desire to overturn an adverse administrative decision by an agency on judicial review. This idea is contrary to the legislature's purpose in enacting the statute. We conclude the correct interpretation is one which permits an unsuccessful claimant at an administrative hearing to petition for judicial review, and if successful to be eligible to receive costs and fees pursuant to sec. 814.245, Stats., without having requested an award of costs by a hearing examiner. As such, Sheely is eligible for attorney's fees and costs pursuant to sec. 814.245(3).

## *DHSS WAS NOT SUBSTANTIALLY JUSTIFIED*

The court of appeals did not decide the issue of

whether the position taken by DHSS was substantially justified. Because we reverse the court of appeals on those issues it found dispositive, we must now determine whether Sheely is eligible to recover costs and fees pursuant to sec. 814.245(3), Stats. For Sheely to be awarded costs, two conditions must exist: (1) Sheely must be a "prevailing party," (2) DHSS must not have been "substantially justified" in taking its position.[9]

The circuit court held that Sheely was a prevailing party. It also concluded that DHSS's position that Sheely was not "disabled" under Title XVI was not "substantially justified." It noted that DHSS could only meet its burden by presenting testimony by a vocational expert because Sheely suffered from "non-exertional impairments." In such a situation, the application of the "grid" was inappropriate and therefore the circuit court held DHSS was not substantially justified in its position.

The United States Supreme Court has held that under the EAJA an appellate court must review a trial court's determination on whether a government agency's position was "substantially justified" as a question of an abuse of discretion. *Pierce v. Underwood,* 108 S. Ct. 2541, 2547–2549 (1988).

" 'Substantially justified' means having a reasonable basis in law and fact." Sec. 814.245(2)(e), Stats. 1985–86. *See also Phil Smidt & Son, Inc. v. NLRB,* 810 F.2d 638, 642 (7th Cir. 1987); *Pierce,* 108 S. Ct. at 2550. "To satisfy its burden the government must demonstrate (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Phil Smidt,*

---

[9] This case is not one which addresses whether "special circumstances" exist that would make the award "unjust."

810 F.2d at 642 (citation omitted). Losing a case does not raise the presumption that the agency was not substantially justified. *S & H Riggers & Erectors, Inc. v. O.S.H.R.C.,* 672 F.2d 426, 430 (5th Cir. 1982). Nor is advancing a "novel but credible extension or interpretation of the law" grounds for finding a position lacking substantial justification.[10] *Thomas v. Peterson,* 841 F.2d 332, 335 (9th Cir. 1988). We also note that when a state agency makes an administrative decision and the agency's expertise is significant in rendering that decision, this court will defer to the agency's conclusions if they are reasonable; even if we would not have reached the same conclusions. *Nigbor v. DIHLR,* 120 Wis. 2d 375, 383–84, 355 N.W.2d 532 (1984).

Here the position advocated by DHSS that Sheely was not "disabled" by its application of the "grid" to her exertional and non-exertional impairments has no reasonable basis in law. In its introduction, the "grid" notes that it may not be applicable where an individual's limitations include certain mental, sensory, or skin impairments, i.e., non-exertional impairments. *See* 20 CFR part 404, Subpart P., App. 2, sec. 200.00(e). In *Washing-*

---

[10] In *Behnke v. DHSS,* 146 Wis. 2d at 183, the court of appeals adopted an "arguable merit" test for determining whether a governmental action had a reasonable basis in law and fact. It defined a position which has arguable merit as "one which lends itself to legitimate legal debate and difference of opinion viewed from the standpoint of reasonable advocacy." *Id.* 146 Wis. 2d at 184. Although we disagree with the court of appeals' assessment of a reasonable basis in law and fact as being equivalent to "arguable merit," we do note that its definition of "arguable merit" is substantially similar to our comment here that a "novel but credible extension or interpretation of the law" is not grounds for finding a position lacks substantial justification.

*ton v. Heckler,* 756 F.2d 959, 968 (3rd Cir. 1985), the court held the application of the grid to a person with both exertional and non-exertional impairments "clearly offends our established precedents. As such it has no reasonable basis and is not substantially justified." Other courts have also held the application of the "grid" to impairments such as Sheely's inappropriate. *McCoy v. Schweiker,* 683 F.2d 1138, 1146-48 (8th Cir. 1982); *Schweitzer v. Heckler,* 612 F. Supp. 358 (E.D. Wis. 1985); *Smith v. Schweiker,* 735 F.2d 267, 271 (7th Cir. 1984); *Bapp v. Bowen,* 802 F.2d 601, 605 (2nd Cir. 1986); *Grant v. Schweiker,* 699 F.2d 189, 192 (4th Cir. 1983); *Haynes v. Heckler,* 716 F.2d 483 (8th Cir. 1983); *Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985); *Teter v. Heckler,* 775 F.2d 1104, 1105 (10th Cir. 1985). DHSS cites no case which supports this mechanical application of the "grid." A discretionary decision will not be sustained if it has no basis in "the appropriate and applicable law." *Hartung v. Hartung,* 102 Wis. 2d 58, 66, 308 N.W.2d 16 (1981). DHSS's position had no reasonable basis in law and it was not "substantially justified."

Finally, Sheely has asked this court to award her costs, including reasonable attorney's fees, for pursuing this appeal. Such costs are awarded. Section 814.245, Stats., does not expressly authorize the awarding of appellate costs incurred on an appeal of the initial award of costs by the circuit court. This court, in *In Matter of Estate of Trotalli,* 123 Wis. 2d 340, 361, 366 N.W.2d 879 (1985), however, adopted the reasoning of the dissent in the court of appeals' decision in that case on the issue of whether costs should be awarded in this type of situation. This court quoted the dissent's statement that some "cases require an award of compensation for efforts reasonably necessary to recover statutorily authorized or

required fees for legal services deemed essential to the court system or the system of justice generally." *Id.* 123 Wis. 2d at 364. *See also Richland County v. DHSS,* 146 Wis. 2d 271, 278-80, 430 N.W.2d 375 (Ct. App. 1988). We conclude that to fulfill the legislative intent of sec. 814.245(3) here, Sheely should be awarded costs, including reasonable attorney's fees, incurred on this appeal.

## CONCLUSION

We hold that the circuit court had jurisdiction to tax costs and fees against DHSS pursuant to sec. 814.245(3), Stats. We also conclude that DHSS was a party to the action and is liable for such costs and fees in a judicial review of one of its administrative decisions. We further hold that Linda Sheely was a prevailing party and DHSS's position was not substantially justified. Sheely's request for costs and fees in pursuit of this appeal is also granted.

*By the Court.*—The decision by the court of appeals is reversed and the order awarding costs and fees by the circuit court is reinstated. Sheely is further awarded costs and reasonable attorney's fees incurred in this appeal.