Shirley PALFREY, Petitioner-Respondent,†

v.

Wisconsin DEPARTMENT OF HEALTH & SOCIAL SERVICES, Appellant.

Court of Appeals

*No. 90–1825. Submitted on briefs March 11, 1991.—Decided May 16, 1991.*

(Also reported in 471 N.W.2d 295.)

† Petition to review denied.

For the appellant the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, and *Donald P. Johns,* assistant attorney general.

For the petitioner-respondent the cause was submitted on the briefs of *Michele M. Hughes* of *Western Wisconsin Legal Services* of Dodgeville.

Brief of amicus curiae of the Center for Public Representation, *Mitchell Hagopian* and *Linda Johnson-Jimenez* of Madison.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

SUNDBY, J.   This appeal involves awards of costs to Shirley Palfrey against the state Department of Health and Social Services under the Wisconsin Equal Access to Justice Act (WEAJA), secs. 227.485(3) and 814.245(3), Stats. In a contested case hearing under Wis. Adm. Code § PW–PA 20.18, DHSS reversed the county Department of Human Service's action, which terminated Palfrey's public assistance benefits because she lost contact with the agency. DHSS found that Palfrey was the prevailing party in a contested case and that the county agency was not substantially justified in its posi-

tion. It concluded, however, that Palfrey was not entitled to costs under sec. 227.485(3) because the county agency's action was so irrational that it should not be imputed to DHSS. Upon Palfrey's petition for review, the circuit court reversed and awarded Palfrey her costs under sec. 227.485(3). The circuit court also granted Palfrey's motion under sec. 814.245(3) for her attorney's fees in prosecuting her petition for review. DHSS appealed from the judgment and the order. We affirm. We grant Palfrey's request for her costs and fees on this appeal.

## THE ISSUES
### (1)
### The Administrative Proceedings

DHSS makes two claims. First, sec. 227.485(3), Stats., does not apply to a "fair hearing" under Wis. Adm. Code sec. PW–PA 20.18 because the hearing does not lead to an "adversary adjudication."[1] Second,

---

[1]Wisconsin Adm. Code sec. PW–PA 20.18 provides in part:

*Fair Hearings.* (1) This rule is adopted pursuant to ss. 46.03(8) and 49.50(8)(9), Stats., and to conform with the requirements of Titles IV, XIX and XX of the U.S. Social Security Act, the U.S. Food Stamp Act and Wis. Stat. 49.046(3) relating to complaints, hearings, and reviews of public assistance, medical assistance, social service and food stamp claims.

. . ..

(2)(b)  A hearing is defined as an orderly, readily available proceeding before an impartial employe of the state agency, in which a dissatisfied claimant or the claimant's representative may present with the help of witnesses why action or inaction in the claimant's case should be corrected by the state agency; it is not an adversary proceeding, but rather a continuation of the administrative process in which the claimant invokes the responsibility of the state agency through a quasi-judicial hearing in the particular case.

. . ..

(3)  The major purposes of hearings are:

because the county agency's termination of Palfrey's benefits was clearly inconsistent with any common-sense interpretation of DHSS's policy manuals, the agency's action was outside the scope of the agency relationship with DHSS and, therefore, outside the scope of sec. 227.485, Stats.

Palfrey claims that DHSS waived its right to raise these issues because it did not raise them in the administrative proceedings.

### (2)
### The Judicial Review Proceedings

DHSS concedes that Palfrey's petition for judicial review was an adversarial proceeding under the WEAJA. However, it argues that because Palfrey was not entitled to costs at the administrative level, she cannot bootstrap her costs request by prolonging the litigation through a petition for review. Further, DHSS argues that it was required by statute to defend its administrative decision and that it is unfair to require it to pay costs when, by its administrative action, it corrected the county agency's

. . ..
(c)   To contribute to uniformity in the application of the assistance law and policy by assuring that all claimants are fully informed of their rights, that hearings on any grievance are readily available, and that instances of inequitable treatment are speedily remedied by prompt execution of hearing decisions.

(d)   To safeguard claimants from mistaken, negligent, unreasonable or arbitrary action. The hearing process is not a substitute for proper and efficient administration and is not designed to produce any result that could not have been produced through regular administrative processes.

(e)   To reveal aspects of county agency policy that constitute a misconstruction of law, state rules or policy.

(f)   To provide a method whereby evidence may be obtained for referral to proper state policy-making authority, which evidence may show the need for modification of a state policy or policies.

irrational action. DHSS states: "The very agency that cured the problem now is being asked to pay costs and fees from its budget."

We consider that DHSS makes two claims. First, that it was substantially justified in defending its administrative decision. Second, that special circumstances exist that would make the award of costs to Palfrey in the judicial review proceedings unjust. We first address Palfrey's waiver argument. Because we reject that argument, we next consider DHSS's claims as to the award of Palfrey's costs in the administrative proceedings and, finally, DHSS's claims as to the award of Palfrey's costs on her petition for judicial review.

## I.
## WAIVER

(a) *The "Adversary Adjudication" Issue.* In the proceedings before the hearing examiner, DHSS did not argue that the "fair hearing" was not subject to the WEAJA because it did not result in an "adversary adjudication."[2] Nor was that the basis for the hearing examiner's or DHSS's decision to deny Palfrey costs. In

---

[2]The hearing examiner made two decisions: a final decision on the merits on November 18, 1988, and a proposed decision on Palfrey's motion for costs on November 15, 1989. On December 19, 1989, DHSS adopted the examiner's proposed decision on Palfrey's motion as its final decision. Copies of the proposed decision were sent to Palfrey and her counsel, the county agency, DHSS's legal counsel, and the director of DHSS's Bureau of Economic Assistance. Palfrey's counsel filed a brief in support of Palfrey's motion. The director of the bureau submitted a comment to DHSS's Office of Administrative Hearings which supported the proposed decision but did not claim that Palfrey was not entitled to costs because the "fair hearing" was not an adver-

*Omernick v. DNR,* 100 Wis. 2d 234, 248, 301 N.W.2d 437, 444, *cert. denied,* 454 U.S. 883 (1981), the court said that *Cobb v. Public Serv. Comm'n,* 12 Wis. 2d 441, 107 N.W.2d 595 (1961) "reflects a fundamental policy that parties to an administrative proceeding must raise known issues and objections . . .." This policy is, however, a rule of judicial administration, not of judicial power. *See Shetney v. Shetney,* 49 Wis. 2d 26, 37, 181 N.W.2d 516, 521 (1970) (appellate court may consider entire record and dispose of questions of law clearly presented). Because whether sec. 227.485(3), Stats., is limited to a proceeding resulting in an "adversary adjudication" is a question of great importance to litigants, state agencies and trial courts, and the question has been thoroughly briefed, we exercise our discretion to review the issue.

(b)   *The "Special Circumstances" Issue.* We consider that the hearing examiner's finding that the county agency's termination of Palfrey's benefits was so irrational that the agency's action should not be imputed to DHSS is a finding of "special circumstances" which, if correct, would make an award of costs to Palfrey unjust. We therefore conclude that DHSS has not waived this issue.

## II.
## COSTS IN THE ADMINISTRATIVE PROCEEDINGS

Section 227.485(3), Stats., provides:

> In any contested case in which an individual, a small nonprofit corporation or a small business is the

---

sary adjudication. Neither DHSS's legal counsel nor the Office of Administrative Hearings commented on the proposed decision.

prevailing party and submits a motion for costs under this section, the hearing examiner shall award the prevailing party the costs incurred in connection with the contested case, unless the hearing examiner finds that the state agency which is the losing party was substantially justified in taking its position or that special circumstances exist that would make the award unjust.

## (1)
### The "Adversary Adjudication" Claim

DHSS concedes that the "fair hearing" under Wis. Adm. Code sec. PW–PA 20.18 was a "contested case."[3] Its concession would seem to obviate any further inquiry as to whether sec. 227.485(3), Stats., applies to a "fair hearing" under the administrative rule. DHSS argues, however, that sec. 227.485(3) does not apply because the "fair hearing" does not result in an "adversary adjudication," as defined in the federal EAJA. It contends that the "fair hearing" under § PW–PA 20.18 is not an adversary proceeding but is an intra-agency administrative tool by which DHSS repairs aspects of county agency policy that misconstrue the law, state rules or policy. Wisconsin Adm. Code § PW–PA 20.18(2)(b) and (3)(e).

DHSS claims that we should be guided by those federal court decisions which limit the federal EAJA to "adversary adjudication[s]." *See* sec. 227.485(1), Stats.

---

[3]Section 227.01(3), Stats., defines "contested case" as follows:

"Contested case" means an agency proceeding in which the assertion by one party of any substantial interest is denied or controverted by another party and in which, after a hearing required by law, a substantial interest of a party is determined or adversely affected by a decision or order . . ..

(in interpreting Wisconsin EAJA, courts shall be guided by federal case law interpreting "substantially similar" provisions of federal EAJA). DHSS's contention fails because the federal EAJA counterpart is not "substantially similar" to sec. 227.485(3). Unlike sec. 227.485(3), which applies to "contested cases," 5 U.S.C. § 504(a)(1) applies to "adversary adjudication[s]." An "adversary adjudication" is a determination "on the record after opportunity for an agency hearing," 5 U.S.C. § 554(a), with certain inapplicable exceptions, "in which the position of the United States is represented by counsel." 5 U.S.C. § 504(b)(1)(C). DHSS's position was not represented by counsel in the fair hearing. The WEAJA applies to "any contested case," sec. 227.485(3), Stats., regardless of whether the state agency's position is represented by counsel. In view of DHSS's concession that the "fair hearing" was a contested case, we need not analyze Wis. Adm. Code sec. PW–PA 20.18 to determine whether the "fair hearing" thereunder satisfies the elements of a contested case as defined in sec. 227.01(3), Stats.[4] We reject DHSS's argument because it requires that we add a qualification to entitlement to costs under sec. 227.485(3) not imposed by the legislature.

(2)

The "Special Circumstances" Claim

We next consider whether special circumstances exist in this case which would make the award of costs to

---

[4]We note, however, that the "fair hearing" was an agency proceeding in which Palfrey's assertion of a substantial interest was denied by DHSS's Bureau of Economic Assistance, appearing by the county agency's Income Maintenance Supervisor and her Income Maintenance Assistant. After a hearing required by law, Palfrey's substantial interest was determined.

Palfrey under sec. 227.485(3), Stats., unjust. We conclude that they do not.

The "special circumstance[   ]" which DHSS claims exists is the county agency's "irrational" decision to terminate Palfrey's benefits because she had "lost contact" with the county agency. DHSS summarizes its position as follows:

> Where the county's actions are outside the scope of the directions it receives from the state and, equally as important, outside the direct control of the state agency, it requires an impermissible expansive reading of [sec. 227.485, Stats.] to reach the conclusion that the county's actions somehow should be imputed to the state.

We adopt the circuit court's response to this argument, as follows:

> In effect, [DHSS] argues that the County is its agent in handling AFDC and food stamp payments when it makes the right decisions concerning an applicant's eligibility, but that the agency relationship disappears when the County makes a decision that is subsequently overturned by [a] hearing examiner. Such [a] position cannot be sustained. At all times, the County is the agent of [DHSS] in handling AFDC and food stamp benefits, whether it makes the right decision or goofs.

DHSS would limit the WEAJA to those situations in which the responsible employee's action was taken pursuant to explicit directives or under direct control of the state agency. DHSS would have no liability under the WEAJA for the random, unauthorized acts of the agency's employees. DHSS does not suggest who, if anyone, in its hierarchy of employees and agents could act on its behalf so that its act would be subject to the

WEAJA. Further, DHSS would not be liable under the WEAJA if an employee's or agent's interpretation of a directive was "irrational." DHSS's suggested construction is contrary to the purpose of the WEAJA, as outlined by the court in *Sheely v. DHSS*, 150 Wis. 2d 320, 336, 442 N.W.2d 1, 8-9 (1989). We reject it.

■

Apparently no administrative procedure exists in DHSS to correct irrational acts, short of the "fair hearing" under Wis. Adm. Code sec. PW-PA 20.18. If DHSS is content to force an aggrieved person to a contested case hearing to vindicate his or her rights, it must accept that it exposes itself to costs under the WEAJA. One of the principal purposes of the WEAJA is to relieve eligible persons from the cost of contested case proceedings when the state agency's position is not substantially justified. *Sheely*, 150 Wis. 2d at 336, 442 N.W.2d at 9.

Further, it does not appear that the county agency's action was as irrational as found by DHSS. In his merits decision, the examiner noted that "[n]either federal regulations nor state policy defines a standard for determining when an AFDC recipient has lost contact with the agency." Thus, the Income Maintenance Supervisor and her assistant had nothing to guide them in deciding whether Palfrey had lost contact with the agency. DHSS's position apparently is that when there is nothing to guide its agents and they make the wrong decision, the state agency is immune from any responsibility. To introduce that doctrine would encourage DHSS to provide little or no guidance to its agents in administering the complex public assistance program. We reject that doctrine as contrary to public policy and the express language of the WEAJA.

## III.
## COSTS ON JUDICIAL REVIEW

*Sheely* settles that when a state agency appears in any proceeding for judicial review under sec. 227.485(6), Stats., it is subject to sec. 814.245(3), Stats.[5] 150 Wis. 2d at 333, 442 N.W.2d at 7. DHSS argues that it is unfair to require it to pay costs on judicial review when, by its administrative action, it corrected the county agency's error. What DHSS ignores however is that Palfrey's petition for judicial review did not seek review of DHSS's merits decision, which was in her favor. She sought judicial review of DHSS's order denying her costs under sec. 227.485(3). DHSS was required to show that its position in opposition to the award of costs was substantially justified. DHSS appears to justify its position as follows:

> [DHSS] was required by statute to defend the hearing examiner's quasi-judicial decision which concluded that the underlying error was committed by an individual county worker. The imposition of additional fees for the judicial review portion of this case has the practical effect of unreasonably and unfairly requiring [DHSS] to voluntarily pay the very fees denied by the examiner at the risk of multiplying its exposure. For defending the denial of a fee request in the meager amount of $367.25, [DHSS] has incurred

---

[5]Section 814.245(3), Stats., provides:

If an individual, a small nonprofit corporation or a small business is the prevailing party in any action by a state agency or in any proceeding for judicial review under s. 227.485(6) and submits a motion for costs under this section, the court shall award costs to the prevailing party, unless the court finds that the state agency was substantially justified in taking its position or that special circumstances exist that would make the award unjust.

additional costs now totaling $4,443 through the circuit court level.

The hearing examiner's decision which concluded that the underlying error was committed by the county agency is not at issue in this case. The merits decision was favorable to Palfrey and was not the subject of a petition for judicial review.

We consider DHSS's argument to be as follows. It should not be assessed costs on judicial review for defending an order denying costs at the administrative level; otherwise, it would have to acquiesce every time the circuit court awarded costs under sec. 227.485(3), Stats., or risk incurring costs at the judicial level far in excess of those awarded in the administrative proceedings. DHSS should therefore have the right to oppose any petition to review its denial of a costs award at the administrative level, regardless of whether its position is substantially justified.

We reject DHSS's argument. DHSS has not cited any statute which requires that it defend any order denying costs in the administrative proceedings regardless of the merits of the order. If any statute expressly or by inference requires that result, that statute must give way to the requirement of sec. 814.245(3), Stats., that the state agency's position must be substantially justified in order to avoid the imposition of costs.[6]

---

[6]In construing the federal EAJA, the United States Supreme Court said:

> The Government's general interest in protecting the federal fisc is subordinate to the specific statutory goals of encouraging private parties to vindicate their rights and 'curbing excessive regulation and the unreasonable exercise of Government authority.'

*Commissioner, Immigration and Naturalization Service v. Jean,*

Palfrey requests that we award her costs, including reasonable attorney fees, for pursuing this appeal. Such costs are awarded. *See Sheely,* 150 Wis. 2d at 339–40, 442 N.W.2d at 10. We remand the cause to the circuit court to determine those costs.

*By the Court.*—Judgment and order affirmed and cause remanded with directions.

110 S. Ct. 2316, 2322 (1990) (quoting H.R. Rep. No. 1418, 96th Cong., at 12 (1980) (footnotes omitted)). Our interpretation of the WEAJA is to be guided by federal case law interpreting substantially similar provisions under the federal EAJA. Sections 227.485(1) and 814.245(1), Stats. We conclude that the state's obligation to protect the public fisc is not of itself substantial justification for opposing a fee award under the WEAJA.