STATE of Wisconsin, Plaintiff-Respondent,

v.

Judith Ann Detert MORIARTY,
Defendant-Appellant.

Court of Appeals

*No. 2014AP2433. Submitted on briefs April 10, 2015.
—Decided December 22, 2016.*

2017 WI App 2

(Also reported in 890 N.W.2d 588.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Pamela R. McGillivray* of *McGillivray Westerberg & Bender LLC*, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Maria S. Lazar*, assistant attorney general, and *Brad D. Schimel*, attorney general.

Before Higginbotham, Sherman and Blanchard, JJ.

¶ 1. HIGGINBOTHAM, J. Judith Ann Detert-Moriarty appeals an order by the circuit court denying her motion for fees and costs under Wis. Stat. § 814.245 (2013–14),[1] which is the Wisconsin Equal Access to Justice Act (WEAJA). The issue on appeal is whether Detert-Moriarty is entitled to attorney fees and costs under WEAJA where she was the prevailing party in a forfeiture action brought by the Wisconsin Department of Justice (DOJ) to enforce an administrative rule promulgated by a state agency, the Department of Administration (DOA).

¶ 2. We conclude that Wis. Stat. § 814.245 does not apply to this forfeiture action because WEAJA limits the award of attorney fees and costs to a prevailing party in an action brought by "a state agency." This action was not brought by a state agency, but rather by the State of Wisconsin, as required by Wis. Stat. § 778.02. Accordingly, we affirm the circuit court's denial of Detert-Moriarty's motion for costs under § 814.245, but based on a different rationale than that used by the circuit court.

---

[1] All references to the Wisconsin Statutes are to the 2013–14 version unless otherwise noted.

## BACKGROUND

¶ 3.  For purposes of this appeal, the following facts are taken from the record and are undisputed. Detert-Moriarty was participating in the Solidarity Sing-Along in the State Capitol rotunda when the Capitol Police, a division of the DOA, cited her for violating an emergency rule promulgated by the DOA, Wis. Admin. Code § Adm 2.14(2)(vm). This rule prohibited participation in unpermitted events in the State Capitol Building. The citation identified the State of Wisconsin as the plaintiff and Detert-Moriarty as the defendant.

¶ 4.  Detert-Moriarty contested the citation, and the case was tried to the circuit court. The DOA, pursuant to Wis. Stat. § 16.846(2), sent the DOJ a written request to prosecute the citation in the name of the DOA. The DOJ accepted the DOA's request. The DOJ thereafter appeared in circuit court on behalf of the State of Wisconsin, and prosecuted the forfeiture action against Detert-Moriarty. The circuit court dismissed the State's forfeiture action against Detert-Moriarty on the ground that the administrative rule was unconstitutional. Subsequently, Detert-Moriarty brought a motion pursuant to Wis. Stat. § 814.245, for the DOA to pay her attorney fees and costs on the basis that she was the prevailing party in the forfeiture action. The circuit court denied Detert-Moriarty's motion for attorney fees on the ground that awarding fees under the statute would impinge on prosecutorial discretion. Detert-Moriarty appeals.

## DISCUSSION

¶ 5.  Wisconsin Stat. § 814.245(3),[2] provides that the court shall award costs—attorney fees and

---

[2] Wisconsin Stat. § 814.245(3) provides in pertinent part:

expenses—to a "prevailing party in any action by a state agency." The sole issue on appeal is whether this forfeiture action was an action "by a state agency," within the meaning of § 814.245(3), for purposes of determining whether Detert-Moriarty is entitled to attorney fees under WEAJA.

¶ 6. Detert-Moriarty's appeal requires us to interpret and apply Wis. Stat. § 814.245(3), and other pertinent statutes, to the undisputed facts of this case. The interpretation and application of a statute is a question of law subject to de novo review. *Xerox Corp. v. DOR*, 2009 WI App 113, ¶ 46, 321 Wis. 2d 181, 772 N.W.2d 677.

¶ 7. When interpreting a statute, we begin with the statutory language. *State ex rel. Kalal v. Circuit Court for Dane Cty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. "If the meaning of the statute is plain, we ordinarily stop the inquiry" and apply that meaning. *Id.* (quoting another source). Wisconsin courts, when interpreting WEAJA, are to be guided by federal case law interpreting the statute's federal counterpart, the Equal Access to Justice Act ("the federal act"). Wis. Stat. § 814.245(1).

¶ 8. Detert-Moriarty argues that the plain language of Wis. Stat. § 814.245(3) requires broad application, such that it applies to civil forfeiture actions

---

[I]f an individual . . . is the prevailing party in any action by a state agency . . . and submits a motion for costs under this section, the court shall award costs to the prevailing party, unless the court finds that the state agency was substantially justified in taking its position or that special circumstances exist that would make the award unjust.

such as this case. Detert-Moriarty takes the view that the legislature intended for § 814.245(3) to have broad application because the statute applies to "*any* action by a state agency." § 814.245(3) (emphasis added). Detert-Moriarty cites to the legislative history of the bill that created § 814.245(3) in support of this argument.

¶ 9. Detert-Moriarty also argues that this case is an action by a state agency, specifically the DOA, to enforce its rules. She argues that the DOJ's participation in this case is merely as the DOA's counsel, and that what was important for purposes of determining whether this case is an action by an agency is that the rule being enforced was promulgated by the DOA, that the DOA commenced this action by issuing the citation, and that the DOA asked the DOJ to represent the DOA in this forfeiture action. According to Detert-Moriarty, these facts lead to the conclusion that this forfeiture action is an action by a state agency.

¶ 10. The State responds that the award of attorney fees and costs provision in Wis. Stat. § 814.245(3) does not apply to this case because this forfeiture action was brought by the State of Wisconsin, not by a state agency. More specifically, the State points out that, because this is a forfeiture action, Wis. Stat. § 778.02[3] requires that this action be brought in the name of the State of Wisconsin, not by a state agency, and because attorney fees and costs may be recovered under § 814.245(3) only in an action brought by a state agency, this action is not covered by § 814.245(3). We agree with the State.

---

[3] Wisconsin Stat. § 778.02 states in pertinent part that "[e]very such forfeiture action shall be in the name of the state of Wisconsin."

¶ 11. WEAJA does not apply to actions brought by the State of Wisconsin. Unlike the federal act, WEAJA only provides for attorney fees in actions by state agencies, not actions brought by the State of Wisconsin. *See* WIS. STAT. § 814.245(3). Under the federal act, courts may award attorney fees to prevailing parties not only in an action brought by or against a federal agency, but "in any civil action brought by or against the United States . . . or any official of the United States acting in his or her official capacity." 28 U.S.C. § 2412 (2)(b) (2011). The legislature was guided by the federal act when enacting WEAJA. Thus, if the legislature intended for WEAJA to apply to actions brought by or against the State of Wisconsin, similar to the federal act applying to the United States, it could have done so, and plainly did not.

¶ 12. Next, we explain why Detert-Moriarty's broad application argument is lacking. Courts may not require the State or a state agency to pay costs or attorney fees unless a statute expressly authorizes a court to do so. *Sheely v. DHSS*, 150 Wis. 2d 320, 329, 442 N.W.2d 1 (1989). WEAJA is in "derogation of the common law and should, therefore, be strictly construed." *Id.* (quoted source omitted). When strictly construing the key language in WIS. STAT. § 814.245(3) —"any action by a state agency"—we must focus on determining whether the action is by a state agency and construe any uncertainties in favor of the State. Detert-Moriarty asks us to focus on the word "any," but strict construction requires us to distinguish between actions brought by a state agency and actions brought by the State. To the extent that Detert-Moriarty relies on legislative history to support this argument, she

overlooks the fact that "[w]here statutory language is unambiguous, there is no need to consult extrinsic sources of interpretation, such as legislative history." *Kalal*, 271 Wis. 2d 633, ¶ 46. Here, the language of § 814.245(3) is plain, and thus, we see no need to resort to legislative history to interpret the statute.

¶ 13. We conclude, applying a plain language interpretation, that Wis. Stat. § 814.245(3) does not apply to this case. As we have noted, this case is a forfeiture action that Wis. Stat. § 778.02 requires the DOJ to bring in the name of the State of Wisconsin. Thus, this case is not an action by a state agency, and therefore, Detert-Moriarty is not entitled to recover attorney fees and costs pursuant to § 814.245(3). This ruling is intended to apply to all of Detert-Moriarty's arguments because each argument rests on the incorrect premise that this action was brought by a state agency.

¶ 14. Accordingly, we affirm the circuit court's order denying Detert-Moriarty's motion for attorney fees and costs under Wis. Stat. § 814.245(3), although on different grounds.

*By the Court.*—Order affirmed.