SUSIE Q FISH CO., INC., Plaintiff-Appellant,†

v.

Wisconsin DEPARTMENT OF REVENUE,
Defendant-Respondent.

Court of Appeals

*No. 88-0106. Submitted on briefs October 10, 1988.—Decided
January 26, 1989.*

(Also reported in 436 N.W.2d 914.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the brief of *Jerome L. Fox* and *Olson, Winter and Fox* of Two Rivers.

For the defendant-respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *F. Thomas Creeron, III,* assistant attorney general.

Before Dykman, Eich and Sundby, JJ.

SUNDBY, J. Susie Q Fish Company, Inc., appeals from a circuit court order affirming a decision of the Tax Appeals Commission denying its motion for costs under Wisconsin's Equal Access to Justice Act, sec. 227.485, Stats. The taxpayer prevailed in a contested tax exemption case with the department of revenue involving its two commercial fishing vessels—the Susie Q and the Avis-J. Under sec. 227.485(3),[1] as a small business, the taxpayer was entitled to costs, unless the commission determined that the department's position was substantially justified or that special circumstances existed that would make an award of costs unjust. The department does not argue that such circumstances existed.

We conclude that the commission correctly determined that the department was substantially justified in relying on the original certificates of documentation

---

[1]Section 227.485(3), Stats., provides:

In any contested case in which an individual, a small nonprofit corporation or a small business is the prevailing party and submits a motion for costs under this section, the hearing examiner shall award the prevailing party the costs incurred in connection with the contested case, unless the hearing examiner finds that the state agency which is the losing party was substantially justified in taking its position or that special circumstances exist that would make the award unjust.

which showed that the Susie Q and the Avis-J did not meet the tonnage requirements of sec. 77.54(13), Stats., and Wis. Adm. Code sec. Tax 11.16(3)(b)1. The commission correctly found that the department did not have a duty under sec. Tax 11.16(3)(b) to measure the vessels to determine, independently of the certificates, whether the vessels qualified for the exemption. We therefore affirm the circuit court's order.

## I.

## BACKGROUND

Susie Q is a Wisconsin corporation engaged in commercial fishing on the Great Lakes. It owns and operates two commercial fishing vessels—the Susie Q, purchased in 1965, and the Avis-J, purchased in 1960. The vessels were constructed some years before their purchase. Certificates of documentation were in effect which showed the dimensions and gross and net tonnage of each vessel.

The department levied a use tax against the taxpayer for the period July 1, 1977 to June 30, 1983 largely for items it purchased for use in its two vessels in commercial fishing activities. The taxpayer claimed that its purchases were exempt from taxation under sec. 77.54, Stats., which provides:

> There are exempted from the taxes imposed by this subchapter:
> . . . .
> (13)   The gross receipts from the sales of and the storage, use or other consumption in this state of commercial vessels and barges of 50-ton burden or over primarily engaged in interstate or foreign commerce or commercial fishing, and the accessories, attachments, parts and fuel therefor.

By administrative rule the department interpreted sec. 77.54(13), Stats., as applying to commercial fishing vessels which had a document issued by the U.S. Customs Service showing a gross tonnage of fifty tons or more. Wis. Adm. Code sec. Tax 11.16(3)(b)1. (1978).[2] The reference to the U.S. Customs Service was admittedly in error. The U.S. Coast Guard has been the official documenting agency since 1967. The department has, however, accepted documentation by the U.S. Coast Guard.

After the department notified the taxpayer of the proposed levy, the taxpayer had the vessels remeasured in 1984 and again in 1985 and new certificates of documentation were issued by the U.S. Coast Guard for each vessel.[3] It also had the vessels remeasured by a Manitowoc boat builder. His affidavit was admitted at the hearing at which the commission reviewed the department's assessment.

After prevailing on the merits, the taxpayer moved the commission under sec. 227.485(3), Stats., for its costs incurred in the proceedings. In an oral decision, the commission denied the taxpayer's motion. The commission concluded that the department's reliance on the original documentation provided by the taxpayer

[2]The rule was amended effective February 1, 1983 to change "gross" to "net." It was again amended effective August 1, 1987. The current version of sec. Tax 11.16(3)(b) reads: "The exemption for commercial vessels applies to: 1. Vessels ... primarily engaged in ... commercial fishing that are documented under the laws of the United States showing a net tonnage of 50 tons or more."

[3]The official system of measurement was simplified effective December 1, 1981 by the Tonnage Measurement Simplification Act, Public Law 96–594, secs. 201–204, 94 Stat. 3453, 3461–62 (1980). The remeasurements were made according to this simplified system. The original measurements were presumably made under the previous system.

was "substantially justified." The commission further concluded that the department did not have a duty to measure the vessels. The circuit court agreed and affirmed the commission's denial of the taxpayer's motion.

## II.

## MEANING OF "SUBSTANTIALLY JUSTIFIED"

We are instructed by the legislature that in interpreting sec. 227.485, Stats., "hearing examiners and courts ... be guided by federal case law, as of November 20, 1985 [the effective date of the act], interpreting substantially similar provisions under the federal equal access to justice act, 5 USC 504." Sec. 227.485(1).

The federal EAJA provisions are substantially similar to sec. 227.485(3), Stats., in that the federal agency which conducts an adversary adjudication shall award costs and fees to the prevailing party, unless the adjudicative officer of the agency finds that the position of the agency was substantially justified or that special circumstances make an award unjust.

Resort to federal case law interpreting "substantially justified" under 5 USC 504 is not, however, necessary in view of the legislature's definition that an agency's position is substantially justified if it has "a reasonable basis in law or fact." Sec. 227.485(2)(f), Stats. "The test is essentially one of reasonableness, without more." *Behnke v. DHSS,* 146 Wis. 2d 178, 183, 430 N.W.2d 600, 602, (Ct. App. 1988) (citation omitted).[4]

---

[4]In *Behnke,* we held that the agency meets the test of reasonableness if its position has "arguable merit."

The taxpayer argues, however, that the legislature's mandate that we be guided by federal case law requires that we adopt the interpretation of "substantially justified" adopted by several federal courts of appeals which would require the department to do more than prove the mere reasonableness of its position. The taxpayer's argument is answered otherwise in *Pierce v. Underwood,* 487 U.S. —, 101 L. Ed.2d 490 (1988). The Court interpreted "substantially justified" as used in 28 USC 2412(d)(1)(A), which is the federal EAJA counterpart to sec. 814.245(3), Stats., of Wisconsin's EAJA.[5] The Court discussed the two common meanings of the word "substantially" and said that "as between the two commonly used connotations of the word 'substantially,' the one most naturally conveyed by the phrase before us here is not 'justified to a high degree,' but rather 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis both in law and fact' formulation adopted by ... the vast majority of ... Courts of Appeals that have addressed this issue." *Id.* at 504–05 (citations omitted).

We conclude that after *Pierce v. Underwood,* the federal cases upon which the taxpayer relies are no longer authority as to the meaning of "substantially justified" as used in the federal EAJA. The decision of the Court, although rendered in 1988, has effectively overruled federal cases decided as of November 20, 1985

[5] 28 USC 2412(d)(1)(A) and 5 USC 504 were enacted as an integrated act. The statutes must be viewed as a cohesive enactment. *See Tenpas v. DNR,* 141 Wis. 2d 599, 609, 415 N.W.2d 853, 857 (Ct. App. 1987) (Sundby, J., dissenting), *reversed on other grounds,* 148 Wis. 2d 579, 436 N.W.2d 297 (1989). The construction given by the Court to 28 USC 2412(d)(1)(A) is therefore equally applicable to 5 USC 504.

which are contrary to the Court's construction of the federal EAJA.

## III.

## STANDARD OF REVIEW

The parties disagree as to our standard of review of the commission's decision that the department's position had a reasonable basis in law or in fact.

■ Reasonableness is a legal standard. *Wassenaar v. Panos,* 111 Wis. 2d 518, 525, 331 N.W.2d 357, 361 (1983). Applying a legal standard to a set of facts is a question of law which we review de novo. *Oscar Mayer Foods Corp. v. LIRC,* 145 Wis. 2d 864, 868–69, 429 N.W.2d 89, 91 (Ct. App. 1988). Deference to the agency's conclusion on a question of law may, however, be appropriate in some cases. *Schachtner v. DILHR,* 144 Wis. 2d 1, 4, 422 N.W.2d 906, 908 (Ct. App. 1988). This is such a case. The commission interpreted sec. 77.54(13), Stats., and Wis. Adm. Code sec. Tax 11.16(3)(b). The exemption was created by sec. 260, ch. 154, Laws of 1969, effective September 1, 1969, sec. 382, ch. 154, Laws of 1969. The commission has developed expertise in interpreting the statute and administrative rule, although not on the specific question involved in this case. *See Teskie v. Wis. Dept. of Revenue,* Wis. State Tax Rptr. (CCH) par. 201–717 (May 22, 1980); *Washington Island Ferry Line Inc. v. Wisconsin Department of Revenue,* 10 WTAC 8 (1974); *Milwaukee Marine Supply, Inc. v. Wisconsin Department of Revenue,* 10 WTAC 33 (1975). We conclude that the commission's particular experience in interpreting sec. 77.54(13) and sec. Tax 11.16(3)(b) and its general experience in interpreting exemption statutes and rules

are significant in applying the statutory concept to the concrete fact situation presented by this case. We therefore give the commission's decision weight. *See Nigbor v. DILHR,* 120 Wis. 2d 375, 384, 355 N.W.2d 532, 537 (1984) (where agency has developed significant expertise in an area we give the agency's decisions in that area weight and deference).

## IV.

## COMMISSION'S DECISION

■

The commission concluded that the department was justified in relying on the original documentation which showed that the Susie Q and the Avis-J had carrying capacities substantially less than fifty tons. It noted that it was not until the June 14, 1985 certificate of documentation was issued by the Coast Guard that both vessels showed a net tonnage of fifty tons or more.[6] The commission further concluded that under Wis. Adm. Code sec. Tax 11.16(3)(b)1 the department did not have a duty to measure the taxpayer's vessels.

[6]At the hearing on the taxpayer's petition for redetermination, the department's district audit supervisor testified that he had not seen these figures until the hearing. The president of the company testified he did not know whether the company had supplied the department with copies of the June 14, 1985 certificate. The audit supervisor acknowledged that he received several documents from the taxpayer after a remeasurement of the vessels which showed for the Susie Q a gross tonnage of fifty-nine tons and a net tonnage of forty-seven tons, and for the Avis-J a gross tonnage of sixty tons and a net tonnage of forty-eight tons. Presumably, these were the July 23, 1984 certificates of documentation. The record does not show, however, when he received the documentation. Therefore, we cannot determine whether there was a time after which the department's refusal to accept the taxpayer's documentation was unreasonable.

The taxpayer claims that the department should have known that the original documentation was erroneous. It states that it so advised that department "early on." It asserts that it made available to the department "long before" the hearing a photograph, exhibit H in the hearing, of the Susie Q from which the department should have known that the depth measurement of the vessel was incorrect. It also asserts that it showed the department "long before the matter was heard" that its vessels met the statutory and rule requirements. Finally, it contends that it pointed out to the department that both vessels had carried more than fifty tons of fish at one time. We cannot decide its claim that the original documentation was erroneous because it has not cited us to any place in the record where its claim is substantiated. Nor have we been able to find such support from our own review of the record.[7]

The taxpayer further claims that it requested that the department measure the vessels if it questioned the documentation. We agree with the commission that the department had no responsibility to measure the vessels. Under Wis. Adm. Code sec. Tax 11.16(3)(b)1 the exemption was accorded to vessels having a document issued, variously, by the U.S. Customs Service, the U.S. Coast Guard, or under the laws of the United States. It

---

[7]The president of the company testified that when the company purchased the vessels, he called the department's district office and was advised that "you should be qualified." His testimony could not be correct because the exemption was created in 1969 and the vessels were purchased in 1960 and 1965. He later testified that he got this advice from the department in 1973. In view of the ambiguous nature of the testimony and off-hand nature of the advice, we conclude that the commission was not required to find that the department had knowledge that the taxpayer was relying on advice received from the department.

is undisputed that documents showing the tonnage of commercial fishing vessels such as the Susie Q and the Avis-J are issued by an agency of the United States government. It was not unreasonable for the department to adopt a regulation conditioning eligibility for exemption under sec. 77.54(13), Stats., upon documentation showing that a vessel met the ton-burden qualification of the exemption statute. If the original documentation of the vessels was erroneous, as claimed by the taxpayer, it was its responsibility, not the department's, to correct the error. "One who claims an exemption has the burden of showing that the property is clearly within the terms of the exception." *Revenue Dept. v. Greiling*, 112 Wis. 2d 602, 605, 334 N.W.2d 118, 120 (1983).

We conclude that the commission's decision that the department's position was substantially justified has a rational basis. We therefore affirm the circuit court's order.

*By the Court.*—Order affirmed.