COURT OF APPEALS
DECISION
DATED AND FILED

February 1, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1036**

STATE OF WISCONSIN

Cir. Ct. No. 2021CV152

IN COURT OF APPEALS
DISTRICT IV

---

ANDREW DRYJA,

    PETITIONER-RESPONDENT,

V.

WISCONSIN EMPLOYMENT RELATIONS COMMISSION,

    RESPONDENT-CO-APPELLANT,

WISCONSIN DEPARTMENT OF NATURAL RESOURCES,

    RESPONDENT-APPELLANT.

---

APPEAL from an order of the circuit court for Oconto County: JAY N. CONLEY, Judge. *Affirmed and cause remanded with directions*.

Before Kloppenburg, P.J., Graham, and Taylor, JJ.

¶1 KLOPPENBURG, P.J. In 2018, the Wisconsin Department of Natural Resources (the "department") discharged Andrew Dryja from his position as a conservation warden at the department's warden station in Langlade County based on Dryja's having allegedly violated three work rules. In the course of the administrative and judicial appeals that followed, this court concluded that substantial evidence established that Dryja had violated only one work rule and remanded the matter to the Wisconsin Employment Relations Commission (the "commission") to "order relief for Dryja" consistent with its authority based on that one violation and to consider his request for costs.[1] On remand, the commission issued a decision rejecting the department's position that discharge remained the appropriate discipline for the one violation, imposing a three-day suspension, and requiring that Dryja "shall be offered reinstatement and made whole." In its decision, the commission also denied Dryja's request for costs as a prevailing party in the commission proceedings because the department was substantially justified "as to the discharge of Andrew Dryja." In response to the commission's order, the department offered Dryja a position as a conservation warden at a warden station in either of two counties. Neither of those two counties was Langlade County, and both required, pursuant to department policy, that Dryja relocate his residence across the state.

---

[1] The parties agree that this court's mandate on remand directed the commission to determine the appropriate discipline for the one work rule violation that was supported by substantial evidence.

As discussed in detail below, WIS. STAT. § 227.485 (2021-22) provides for the award of costs, including attorney fees, to a "prevailing party" challenging an agency action in a contested case administrative proceeding and on judicial review unless the agency was "substantially justified in taking its position." *See* § 227.485(2)(f), (3), (5), (6).

All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶2      Dryja filed suit seeking mandamus relief against the department, asking the circuit court to require the department to reinstate Dryja to his former position as conservation warden at the warden station in Langlade County. In the same suit, Dryja also sought judicial review under WIS. STAT. ch. 227 of the commission's denial of his request for costs related to the commission proceedings.[2] The court granted Dryja's request for mandamus relief and concluded that Dryja is entitled to recover costs. On appeal, the department argues that Dryja did not meet his burden entitling him to mandamus relief; and the commission argues that it properly determined that Dryja is not entitled to recover costs. The department also argues that Dryja improperly combined a petition for mandamus relief and a petition for judicial review in one action.

¶3      We conclude that Dryja did not improperly seek mandamus relief together with chapter 227 judicial review in the circumstances here. On the merits of Dryja's mandamus claim, we conclude that Dryja is entitled to mandamus relief and that the circuit court did not erroneously exercise its discretion in granting the relief that it ordered. As to Dryja's chapter 227 judicial review claim, we conclude that Dryja is entitled to recover costs related to the commission proceedings, as he has narrowed his request on appeal, from the time after this court remanded this matter to the commission and the department continued to pursue Dryja's discharge for the one work rule violation that remained. Accordingly, we affirm and remand to the circuit court with directions to determine the costs to be awarded to Dryja.

---

[2] *See* WIS. STAT. § 227.52 ("Administrative decisions which adversely affect the substantial interests of any person, whether by action or inaction, whether affirmative or negative in form, are subject to review as provided in this chapter" with exceptions not relevant here.).

**BACKGROUND**

¶4     The following facts, taken from the record before the circuit court, are undisputed.

¶5     Andrew Dryja worked for 19 years as a conservation warden at the warden station in Langlade County until the department discharged him in July 2018 for alleged work rule violations.  The alleged violations included failing to report his overtime hours, transporting his children in a State vehicle without authorization, and storing personal items at a State facility without permission.

¶6     Dryja appealed to the commission, arguing that he had been discharged without just cause.  The commission rejected Dryja's argument and issued a decision and order determining that the department had just cause to discharge Dryja for the three work rule violations.

¶7     Dryja appealed the commission's order to the circuit court, which concluded that there was no substantial evidence that any of the violations supported discharge.  The court reversed and remanded for the commission to determine the appropriate discipline for the violations, and for "consideration of" Dryja's request for costs.  The department and the commission appealed and this court determined that substantial evidence supported only one of the alleged violations, regarding Dryja's unauthorized transport of his children in a State vehicle.  Accordingly, this court remanded the matter to the commission to determine the appropriate discipline for that one work rule violation and to consider Dryja's request for costs.

¶8     On remand, the department continued to take the position that discharge was the appropriate discipline for the remaining work rule violation,

Dryja's unauthorized transport of his children in a State vehicle. The commission rejected the department's position and issued an order in October 2021 in which it determined that the appropriate discipline for the unauthorized transport of children in a State vehicle was a three-day suspension. The commission also ordered that Dryja "shall be offered reinstatement and made whole." Finally, the commission denied Dryja's request for costs, concluding that the department's position before the commission in seeking the discharge of Dryja "was substantially justified within the meaning of [WIS. STAT]. § 227.485(2)(f)."

¶9    Following the commission's October 2021 order, the department sent Dryja a letter dated November 12, 2021, offering Dryja reinstatement to his former position as a conservation warden, but not at the Langlade County station. The letter explained that there was only one conservation warden position at the Langlade County station and it was filled. The letter stated that two conservation warden positions were vacant elsewhere in the state, at stations in Jackson County and Calumet County, and asked Dryja to indicate which station he preferred. The letter directed Dryja to report to the department's Madison office on November 22, 2021—ten days from the date of the reinstatement letter.[3] The letter also said that Dryja's initial work assignments would include onboarding, administrative tasks, and training.

¶10    Dryja informed the department that he would not report to work unless he was offered reinstatement to his former position as a conservation warden at the Langlade County station and would instead pursue litigation. After

---

[3] At the time, Dryja had been working as an Oconto County sheriff's deputy for three years.

Dryja failed to report for work on November 22, November 23, and November 24, 2021, the department notified Dryja that he was deemed to have resigned from his position, effective November 25, 2021.

¶11    Meanwhile, on November 19, 2021, Dryja filed a petition for writ of mandamus against the department, seeking "make-whole remedies including reinstatement to his former position" as a conservation warden at the Langlade County station in compliance with the commission's October 2021 order, and for chapter 227 judicial review of the commission's imposition of suspension and denial of his request for costs.  As to his mandamus claim, Dryja also argued that the department failed to comply with the October 2021 order by requiring that Dryja undergo training, certification, and administrative work and withholding excessive taxes from Dryja's back pay.

¶12    The parties conducted limited discovery and submitted affidavits supporting their positions as to Dryja's mandamus claim, and the commission submitted the administrative record related to Dryja's judicial review claim.  The parties submitted briefs on both Dryja's mandamus claim and his judicial review claim, and presented oral arguments as to both claims at a hearing before the circuit court in February 2023.

¶13    Ruling on Dryja's petition for writ of mandamus, the circuit court concluded that the department had "not complied in good faith" with the commission's October 2021 order.  The court explained that, in order to comply with the commission's October 2021 order, Dryja must be offered reinstatement to his former position at the Langlade County station, despite another conservation warden being presently stationed there.  The court ordered the department to

"restore [Dryja] to the position he was in before the discharge, with full seniority, benefits, and compensation."[4]

¶14    Ruling on Dryja's petition for judicial review, the circuit court concluded that the department's position seeking Dryja's discharge for his unauthorized transport of children in a State vehicle was not substantially justified and, therefore, Dryja is entitled to costs relating to the commission proceedings pertaining to the department's discharge position as to that violation.  The court modified the commission's October 2021 order accordingly.  The court did not disturb the suspension imposed by the commission.

¶15    The department appealed the circuit court's ruling granting Dryja mandamus relief and the commission appealed the circuit court's ruling on chapter 227 judicial review granting Dryja's request for costs.

## DISCUSSION

¶16    Before we address the merits of the department's challenge to the circuit court's mandamus ruling and the commission's challenge to the court's judicial review ruling, we first address and reject the department's argument that

---

[4] Dryja and the department interpret the circuit court's order, consistent with the court's oral ruling, as requiring that Dryja be reinstated to his prior position as a conservation warden at the Langlade County station.  We review the court's order consistent with the parties' interpretation.

As noted, Dryja argued in the circuit court that the department violated the commission's October 2021 order in two additional respects:  the department required that Dryja undergo unnecessary training, certification, and administrative work; and the department withheld excessive taxes from Dryja's back pay.  The circuit court did not in its order address either of these issues, and Dryja did not appeal the court's failure to do so.  Accordingly, we do not consider these issues further.

Dryja improperly joined his petition for writ of mandamus with his petition for judicial review. We then address the court's ruling on each petition in turn.

## I. Whether Dryja improperly joined his mandamus and judicial review petitions

¶17 As stated, the department argues that Dryja improperly joined his petition for writ of mandamus with his petition for chapter 227 judicial review.[5] As we explain, we reject this argument because the department fails to cite legal authority supporting it.

¶18 The department cites two cases, beginning with *Thomson v. Public Service Commission of Wisconsin*, 236 Wis. 157, 294 N.W.2d 517 (1940). In that case, the plaintiff attempted to join an action for judicial review seeking to vacate an order of the Public Service Commission of Wisconsin with an action for declaratory relief seeking an order by the circuit court that the statute under which

---

[5] Dryja argues that the department "waived" its challenge to the joined petitions when it "answered the writ on its merits" in its initial notice of appearance and statement of position. Dryja cites *Wunderlich v. Kalkofen*, 134 Wis. 74, 113 N.W.2d 1091 (1907) in which the court explained that "[a]ll irregularities as to the alternative writ [of mandamus] were waived by submission of the case for final decision on the merits." *Id.* at 78. However, "a notice of appearance is not a substantive defensive pleading." *All Star Rent A Car, Inc. v. DOT*, 2006 WI 85, ¶56, n.10, 292 Wis. 2d 615, 716 N.W.2d 506; *see also Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶23, 273 Wis. 2d 76, 681 N.W.2d 190 (stating that it would be unusual for this court to "conclude[] that a competency challenge is waived if not included in a notice of appearance"). In this case, the department first challenged the combined proceedings in its scheduling conference statement and subsequently in its memorandum of law in opposition to Dryja's motion for leave to conduct discovery, in its response brief on the merits of Dryja's mandamus petition, and at oral arguments. Accordingly, we conclude that the department properly preserved the issue for review.

As an aside, we observe that our supreme court has clarified that the proper term for Dryja's challenge is "forfeiture" not "waiver." *See Ambac Assur. Corp. v. United States*, 2012 WI 22, ¶8 n.10, 339 Wis. 2d 48, 810 N.W.2d 450 (clarifying that an issue is "waived" when a party "affirmatively and deliberately relinquish[es] a right," while "forfeiture" occurs when a party "fail[s] to raise and preserve an issue before the circuit court").

the plaintiff brought his action for judicial review is unconstitutional. *Id.* at 160. Our supreme court held that this attempt to join judicial review with an action for declaratory relief was unwarranted and that the circuit court only had the power to "affirm the [Commission's] order or to vacate and set it aside as unlawful or unreasonable." *Id.* The department relies on this language to support its broad assertion that combining a judicial review proceeding with other claims is not permitted.

¶19 The department also cites *State v. WERC*, 65 Wis. 2d 624, 223 N.W.2d 543 (1974). In that case, following an administrative proceeding before the commission, the employer—the losing party—sought chapter 227 judicial review of the commission's order denying a summary judgment motion and motion to dismiss as well as declaratory judgment asking the circuit court to declare the proper procedure to be followed by the commission. *Id.* at 627-29. Our supreme court explained that a declaratory judgment "could not be granted in a case like the present one." *Id.* at 634. The department similarly relies on this language to support its broad assertion that combining a judicial review proceeding with other claims is not permitted.

¶20 The department overstates the holdings in both of these cases. In *Thomson*, the court explained that the plaintiff could not seek declaratory relief that the statute under which the plaintiff pursued the judicial review action was unconstitutional while simultaneously seeking judicial review under that statute because if the declaratory relief were granted, the entire action would be void. *Thomson*, 236 Wis. at 160-61. In *WERC*, the court explained that the action for declaratory judgment would interfere with the administrative process because the commission's order—which formed the basis for judicial review—"ordered a further hearing after which it will determine the issues involved in the requested

9

declaration." **WERC**, 65 Wis. 2d at 635. In other words, "[a]llowing the action for declaratory judgment would seriously interfere with the administrative process" because it would have the effect of granting the employer's dispositive motions before the administrative process was completed. **Id.**

¶21 Neither of these situations is comparable to the circumstances here. Dryja's petition for mandamus relief has no bearing on the litigation or result of his petition for chapter 227 judicial review, and vice versa. That is, whether the department complied with the commission's October 2021 order when it offered Dryja a conservation warden position at a station other than the Langlade County station is a decision for the circuit court independent of the commission, based on facts developed in the circuit court. In contrast, whether the commission properly determined that Dryja is not entitled to costs because the department was substantially justified in taking the position before the commission that discharge was the appropriate discipline is a decision for the circuit court based solely on the record developed before the commission, subject to the review standards in chapter 227. Thus, unlike in the cases cited by the department, the litigation and resolution of the mandamus petition will not affect, impede, or overlap with either the litigation or the resolution of the judicial review petition, and vice versa. Indeed, the two petitions were properly addressed by different procedures in the circuit court, which allowed limited discovery and reviewed affidavits in addressing the mandamus claim, and reviewed only the record before the commission in addressing the judicial review claim.

¶22 While the cases cited by the department are examples of situations in which combining a chapter 227 judicial review proceeding with another claim is unwarranted because the outcome of the other claim interferes with the judicial review, the department points to no language in those or other cases that creates a

complete bar against all actions that combine chapter 227 judicial review with other claims, without regard to the relationship between them. Rather, these cases suggest that the answer to the question of whether a claim can be joined with a petition for chapter 227 judicial review will necessarily be case-dependent. Here, the petition for mandamus relief presents no conflict with or impediment to the litigation and resolution of the petition for chapter 227 judicial review, and the department fails to cite legal authority supporting the proposition that the two petitions may not be pursued in one action. Based on that failure, we reject the department's argument.

## II. Whether the circuit court properly granted Dryja's petition for writ of mandamus

¶23 The parties disagree about the applicable standard of review. Dryja contends that a circuit court's issuance of a writ of mandamus is reviewed for an erroneous exercise of discretion, citing *Menzl v. City of Milwaukee*, 32 Wis. 2d 266, 275, 145 N.W.2d 198 (1966). The department argues that because the circuit court decided the issue "on the papers without an evidentiary hearing, whether the circuit court properly ordered mandamus relief based on the facts of record is reviewed de novo," citing *State ex rel. Greer v. Stahowiak*, 2005 WI App 219, ¶7, 287 Wis. 2d 795, 706 N.W.2d 161.

¶24 Here, there are two parts to the circuit court's decision: (1) whether Dryja is entitled to mandamus relief; and (2) the nature of that relief. As we explain below, the first part addresses whether Dryja has shown a clear legal right that entitles him to mandamus relief. If so, then the second part addresses the propriety of the specific relief ordered.

¶25     Whether Dryja is entitled to mandamus relief is a question of law that this court reviews independently. *See* *State ex rel. Griffin v. Litscher*, 2003 WI App 60, ¶6, 261 Wis. 2d 694, 659 N.W.2d 455 (whether the petition for writ of mandamus states a claim for which relief may be granted is a question of law that we review de novo). However, we review for an erroneous exercise of discretion the circuit court's decision to grant the specific relief requested in Dryja's petition for writ of mandamus by ordering that the department reinstate Dryja to a position as a conservation warden at the Langlade County station. *State ex rel. Blum v. Board of Educ.*, 209 Wis. 2d 377, 381, 565 N.W.2d 140 (Ct. App. 1997) ("Generally, a circuit court's decision to grant or deny a petition for writ of mandamus will be upheld unless the court erroneously exercised its discretion."). A court properly exercises its discretion when it examines the relevant facts, applies a proper standard of law and, using a rational process, reaches a conclusion that a reasonable judge could reach. *Loy v. Bunderson*, 107 Wis. 2d 400, 414-15, 320 N.W.2d 175 (1982).

¶26     The following additional background is pertinent to both aspects of our review.

¶27     When Dryja was discharged in 2018, he had children and was divorced from the children's mother. He had been employed as a conservation warden at the Langlade County station for 19 years. At that time, there were two warden stations in Langlade County. Dryja filled the position at one station, and the position at the other station was vacant. In 2020, for budgetary and administrative reasons, the department consolidated the two warden stations in Langlade County into one station, and the position at that station was filled "via internal relocation" of a warden from another station. The department lacks

adequate resources to fill all authorized positions at warden stations around the state.

¶28    In 2021, the department offered Dryja reinstatement as a conservation warden at stations in either Jackson County or Calumet County. Department policy requires conservation wardens to live "within 10 driving miles of their administrative area boundary, or within 15 driving miles of their assigned city."    In order to accept the department's offer of reinstatement at the department's warden station in Jackson County or Calumet County, Dryja would have had to move his residence to a different part of the state.

### A.  Entitlement to mandamus relief—identification of a clear legal right

¶29    "Mandamus is an extraordinary legal remedy, available only to parties that can show that the writ is based on a 'clear, specific legal right which is free from substantial doubt.'"    *Lake Bluff Hous. Partners v. City of S. Milwaukee*, 197 Wis. 2d 157, 170, 540 N.W.2d 189 (1995) (citation omitted). Specifically, a petitioner for a writ of mandamus must establish that:  (1) the petitioner has a clear legal right to the relief sought; (2) the duty the petitioner seeks to enforce is plain; (3) the petitioner will be substantially damaged by nonperformance of the duty; and (4) the petitioner has no other adequate remedy at law. *Pasko v. City of Milwaukee*, 2002 WI 33, ¶24, 252 Wis. 2d 1, 643 N.W.2d 72.

¶30    Here, the department argues only that Dryja has failed to satisfy the first criterion, a clear legal right.  Accordingly, we deem the department to have conceded that Dryja has satisfied the remaining three criteria, and we confine our analysis to the first criterion only.

13

¶31 Because the commission's order has the same force of law as a statute, we interpret the commission's order as we would a statute. *See* ***Thomson v. City of Racine***, 242 Wis. 591, 596, 9 N.W.2d 91 (1943) (orders of the Public Service Commission have the same force of law as a statute). That is, we begin with the language of the order, give that language its common, ordinary meaning, and interpret that language in context, so as to avoid unreasonable results. ***State ex rel. Kalal v. Circuit Ct. for Dane Cnty.***, 2004 WI 58, ¶¶45-46, 271 Wis. 2d 633, 681 N.W.2d 110 (applying plain meaning interpretation to a statute).

¶32 Recall that the commission's October 2021 order requires both that Dryja "shall be offered reinstatement" and that he shall be "made whole."

¶33 Wisconsin courts have explained that an "offer of reinstatement must be for the same position or a substantially equivalent position." *See, e.g.*, ***Anderson v. LIRC***, 111 Wis. 2d 245, 256, 330 N.W.2d 594 (1983); ***Wingra Redi-Mix Inc. v. LIRC***, 2023 WI App 34, ¶112, 408 Wis. 2d 563, 993 N.W.2d 715 ("To be valid, the offer must (among other things) be for the same position or a substantially equivalent position." (citing ***Anderson***, 111 Wis. 2d at 256)). *See also* ***Belding v. Demoulin***, 2014 WI 8, ¶16, 352 Wis. 2d 359, 843 N.W.2d 373 (case law provides useful guidance that "may illumine how we have previously interpreted or applied the statutory language" at issue). A position that is the same or substantially equivalent is comparable in salary and status, "especially as it relates to opportunities for advancement or for other employment." ***Anderson***, 111 Wis. 2d at 256.

¶34 We conclude that, consistent with these definitions of the term "offer of reinstatement," a valid offer of reinstatement requires that the reinstatement be to a position that the employee can realistically accept without upending the

employee's life. Here, the positions offered by the department would require that Dryja, a divorced father, uproot his life and relocate his residence across the state. Thus, those are not positions that Dryja could have realistically accepted. Rather, under the circumstances here, a valid offer of reinstatement means that Dryja must be offered reinstatement to a position as a conservation warden at a station that does not require that he relocate his residence.

¶35    Accordingly, we conclude that Dryja has a clear legal right to reinstatement to his former position at the Langlade County station or at a warden station that does not require Dryja to relocate his residence.

¶36    The department argues only that Dryja has not met his burden of identifying a clear legal right to be placed at the Langlade County station. To the extent that the department's arguments apply also to the clear legal right as we have defined it, placement at the Langlade County station or another warden station that would not require Dryja to relocate his residence, we explain why those arguments fail.

¶37    The department argues that the commission's October 2021 order that Dryja be "made whole" merely means that Dryja be provided back pay. The department references this court's interpretation of an order by the Wisconsin Labor & Industry Review Commission (LIRC) which discusses a "make-whole remedy" in terms of "back pay" in *Wingra Redi-Mix*, 408 Wis. 2d 563, ¶107. However, this argument does not address the meaning of a valid reinstatement and, therefore, does not alter our interpretation of the commission's October 2021 order.

¶38    The department also argues that there is no such clear legal right because Dryja's reinstatement to a conservation warden position at the Langlade

County station would violate WIS. STAT. § 230.44(4)(d). That statute provides that "[t]he commission may not remove an incumbent … as a remedy to a successful appeal under this section unless there is a showing of obstruction or falsification as enumerated in [WIS. STAT. §] 230.43(1)." Sec. 230.44(4)(d). Thus, the department argues, under this statute the commission could not order the removal of the incumbent as a remedy for Dryja's discharge. However, the commission did not order the removal of the incumbent. As we have explained, ordering that Dryja be reinstated requires only that Dryja be offered a position as a conservation warden at a station in Langlade County or another station where he would not have to relocate his residence. If the station at Langlade County is the only station that meets that limitation, then the department would be required to create a new position at the Langlade County station. Nothing in § 230.44(4)(d) bars the department from doing so.

¶39 The department further argues that mandamus cannot be used to force an executive agency to exercise its discretion in a certain way, such as how the department allocates its warden law enforcement resources, citing ***Naseer v. The Honorable James Miller***, 2010 WI App 142, ¶5, 329 Wis. 2d 724, 793 N.W.2d 209 ("An act which requires the exercise of discretion does not present a clear legal duty and cannot be compelled through mandamus.").

¶40 The department is correct that the manner by which the department chooses to reinstate Dryja is within the department's discretion. In other words, the department determines how to comply with the commission's October 2021 order giving Dryja a clear legal right to reinstatement to a position that he can realistically accept, which we have interpreted to mean placement at the Langlade County station or another warden station that would not require Dryja to relocate his residence. For example, if, due to budgetary constraints, the department is

unable to fund an additional conservation warden position, it is within the department's discretion to choose which conservation warden positions will remain unfilled in order to accommodate Dryja at the Langlade County station or another station that does not require Dryja to relocate his residence. Thus, the department has discretion in how it achieves the result required by the commission's October 2021 order, but the order's requirement of that result is what creates the clear legal right.

¶41    Finally, the department argues that Dryja was not entitled to mandamus relief because he was deemed to have resigned from the position offered by the department and his only recourse was to challenge the department's conclusion that he had resigned from the position via the administrative process provided in Wis. Stat. § 230.44(1)(c). However, how Dryja responded to the department's offer does not address whether he had a clear legal right to a different offer, that is, whether the department's offer did not comply with his clear legal right under the commission's October 2021 order that he be reinstated and made whole. To the extent that the department may be arguing that his recourse under § 230.44(1)(c) means that he had an adequate remedy at law (the fourth criterion for entitlement to mandamus relief), such an argument fails for the same reason. Moreover, the department does not in any case direct this argument at that criterion, and so it also fails for lack of development.

¶42    In sum, we conclude that Dryja is entitled to mandamus relief.

## B. Whether the circuit court erroneously exercised its discretion in granting mandamus relief

¶43    As stated, the circuit court granted Dryja's petition for writ of mandamus, and ordered that the department reinstate Dryja to a position as a

17

conservation warden at the Langlade County station. The court explained that for the department to comply with the commission's October 2021 order

> isn't saying hey, pick some place across the [s]tate where you want to go and you know we'll give you 120 days to do that and we'll pay your moving costs and everything and we'll uproot your entire life and send you somewhere and you'll just have to like it. No. He never asked for a transfer. He never asked to be discharged.

The court continued, "that means that they have to accommodate him where he was. And if that means for a period of time keeping the other warden there … they're required to do it. It's their problem. They have to solve it."

¶44 Summarizing the circuit court's decision, the court determined that, under the circumstances of this case, complying with the commission's October 2021 order means reinstating Dryja to the position he held, where he held it, when he was improperly discharged. The court acknowledged the fact that the position is presently filled by another warden, but determined that the department has options for how to resolve that situation. That is, the department might have to exercise its discretion by creating a second position in Langlade County for a time. While that might require that the department leave other vacant warden positions unfilled, that does not relieve the department of, under the circumstances, reinstating Dryja to the position he held, where he held it, when he was discharged. In sum, the court acknowledged the pertinent facts, explained its reasoning, and reached a decision that a reasonable judge could reach.

¶45 The department reiterates its arguments that the statute precludes it from removing the incumbent from the single Langlade County conservation warden position that currently exists, and that where to reinstate Dryja is left to its discretion. However, in reaching its decision, the circuit court acknowledged the

issue of the incumbent conservation warden and the consolidation of the warden stations but explained that the "Langlade station problem, that's the [department's] problem. They created this situation. They terminated Dryja." The court continued, "[T]hat means that they have to accommodate him where he was [a]nd if that means for a period of time keeping the other warden there … they are required to do it." Thus, the court left it to the department's discretion as to how to address whatever budgetary or administrative constraints might result from reinstating Dryja as a conservation warden in Langlade County. Moreover, the department did not present any evidence that there were stations other than in Langlade County to which Dryja could be reinstated that would not require him to relocate his residence. Absent such evidence and in order to reinstate Dryja without requiring him to relocate his residence, the circuit court's decision to order Dryja's reinstatement to the Langlade County station was supported by the facts and reasonably reached.

¶46    In sum, we conclude that the department fails to show that the circuit court erroneously exercised its discretion in granting Dryja's petition for writ of mandamus.

### III.  Award of costs

¶47    The commission argues that it correctly denied Dryja's request for costs because the department was substantially justified in its position seeking discharge, and the circuit court erred in ruling to the contrary.

¶48    We pause to clarify two aspects of the costs at issue. First, we clarify that the costs at issue are those related only to the commission proceedings, and not to any court proceedings. As noted above, WIS. STAT. § 227.485 provides for the award of costs, including attorney fees, to a "prevailing party" challenging

an agency action in a contested administrative proceeding and on judicial review unless the agency was "substantially justified in taking its position." *See* § 227.485(2)(f), (3), (5), (6). As we discuss in greater detail below, on remand, the commission considered and denied Dryja's request for costs relating only to the commission proceedings. Dryja sought judicial review of the commission's denial of his request for costs. In his initial and reply memoranda supporting his petition in the circuit court, Dryja more broadly asserted that he was asking the circuit court to order the department to "pay the attorney fees that Dryja has incurred in these [] appeals." However, Dryja did not file in the circuit court a motion or request for fees in the judicial proceedings separate from his petition for review of the commission's decision denying his request for costs related to the commission proceedings. In its circuit court response brief, the commission clarified that it was addressing only the issue of costs related to the commission proceedings. While the circuit court awarded Dryja costs related to the commission proceedings under § 227.485(3) (which applies to "costs incurred in connection with [a] contested case"), the circuit court did not award Dryja costs related to the judicial proceedings under § 227.485(6) (providing for costs to a prevailing party in a proceeding for judicial review). We take no position on the issue of costs related to judicial proceedings as it may or may not arise on remand to the circuit court.

¶49　Second, we clarify that the costs at issue are those costs related only to the commission proceedings that took place after remand from this court. Dryja frames the issue in his respondent's brief as follows: "Was the [department] substantially justified in taking the position that Dryja's discharge was appropriate when only a single work rule violation was considered?" Recall that, in the first commission proceeding, the commission determined the appropriate discipline

based on its finding that Dryja had violated three work rules as alleged by the department; in the second commission proceeding on remand from this court, the commission determined the appropriate discipline based on this court's ruling that substantial evidence supported the finding that Dryja had violated only one work rule. In his brief, Dryja argues, consistent with his framing of the issue, that the department was not substantially justified in seeking discharge on remand for the one work rule violation, stating that "[e]ven if [the department's] initial position in the 2018 [commission] hearing could be said to be substantially justified," the same cannot be said about the department's "insistence that [discharge] was the correct remedy … once this Court issued its decision in 2021." Thus, Dryja's framing of the issue and briefing in this court indicate that he seeks costs related only to the commission proceedings after remand on the ground that, as he argues, at that point the department's position that discharge was the appropriate discipline was not substantially justified.[6]

¶50     We now address the merits of the issue of whether Dryja is entitled to costs related to the commission proceedings after remand from this court.

---

[6] We note that Dryja concludes his respondent's brief by asking that this court "order the [department] to pay the costs and fees its actions have created during the past five years of litigation." However, he fails to develop an argument that he is entitled to costs related to the commission proceedings before remand; instead, as explained in the text, he directs his arguments to the department's position after remand. Accordingly, we deem him to have abandoned any argument he may have made before the commission or in the circuit court that he is entitled to costs related to the commission proceedings prior to remand. *See State v. Ledger*, 175 Wis. 2d 116, 135, 499 N.W.2d 198 (Ct. App. 1993) ("On appeal, issues raised but not briefed or argued are deemed abandoned.").

*Applicable Standard of Review and Legal Principles*

¶51    This matter arises on chapter 227 judicial review of the commission's October 2021 order denying Dryja's request for costs under WIS. STAT. § 227.485(3).  On appeal, we review the decision of the commission, not the decision of the circuit court.  *MercyCare Ins. Co. v. OCI*, 2010 WI 87, ¶25, 328 Wis. 2d 110, 786 N.W.2d 785.

¶52    WISCONSIN STAT. § 227.485(3) provides that "a prevailing party" is entitled to costs unless the losing government agency can show that it was "substantially justified in taking its position."  An administrative agency's position is substantially justified if it has "a reasonable basis in law and fact." Sec. 227.485(2)(f).  "Reasonableness is a legal standard [and] applying a legal standard to a set of facts is a question of law."  *Susie Q Fish Co. v. DOR*, 148 Wis. 2d 862, 868, 436 N.W.2d 914 (Ct. App. 1989) (citations omitted).

¶53    The agency bears the burden to show that its actions were substantially justified.  *See Sheely v. DHSS*, 150 Wis. 2d 320, 337, 442 N.W.2d 1 (1989) (interpreting identical language in WIS. STAT. § 814.245(3)).  Accordingly, in this case, we review the commission's conclusion that the department was substantially justified in seeking discharge for Dryja's unauthorized transport of his children in a State vehicle.

¶54    In order for the agency to show that its actions were substantially justified, the agency must demonstrate:  "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Id.* (citation omitted).  "Losing a case does not raise the presumption that the agency was not substantially justified."  *Id.* at 338.

*Additional Background*

¶55 Originally, the department took the position that Dryja's discharge in 2018 was the appropriate discipline for three work rule violations allegedly committed by Dryja—failing to report his overtime hours, transporting his children in a State vehicle without authorization, and storing personal items at a State facility without permission. Following our decision in May 2021 in which we remanded to the commission to determine the appropriate discipline for the only violation that was supported by substantial evidence—the unauthorized transport of children in a State vehicle—the department continued to seek Dryja's discharge.

¶56 The record before the commission established that, when the department discharged Dryja, he had no prior disciplinary record and the department had in cases involving other employees imposed relatively minor discipline for the type of violation committed by Dryja. Testimony at the hearing before the commission established that no other employee had been subject to more than a five-day suspension for that type of violation only, and that more serious discipline had been imposed in cases involving employees with prior disciplinary records and additional violations.

¶57 The department's policies and rules provide for the progressive discipline of its employees for work rule violations. A State employee with permanent status (such as Dryja) may be discharged only for just cause, and it is just cause to discharge an employee without imposing progressive discipline for serious misconduct, which includes the misuse or abuse of agency property. WIS. STAT. § 230.34(1)(a)5. ("It is just cause to remove, suspend without pay, discharge, reduce the base pay of, or demote an employee without imposing

progressive discipline for … [m]isuse or abuse of agency property.") Post-remand, the department argued that there was just cause to discharge Dryja without imposing progressive discipline for the single work rule violation because the unauthorized transport of children in a State vehicle constitutes the misuse or abuse of agency property.

¶58  In the memorandum supporting its decision and order rejecting the department's position, the commission explained that the department conceded that it was the cumulative impact of the three alleged types of misconduct that warranted Dryja's discharge. Given this concession, the commission concluded that discharge for the single work rule violation was not warranted but that because the single work rule violation was a serious act of misconduct, which the commission considered "in the context of Dryja's clean disciplinary record and his length of service," there was just cause for a three-day suspension.

¶59  The commission ultimately concluded that Dryja was a prevailing party within the meaning of WIS. STAT. § 227.485(3), but that the department was substantially justified in taking its position seeking discharge. Accordingly, the commission denied Dryja's requests for costs.

*Analysis*

¶60  The commission does not dispute that Dryja was a prevailing party within the meaning of WIS. STAT. § 227.485(3). The parties' dispute lies in whether the department was substantially justified in seeking discharge for the one work rule violation post-remand. To resolve that dispute, we must apply the **Sheely** three-prong test. Before doing so, we clarify which position by the department is the focus of the test. It is not whether Dryja committed the unauthorized transport of children in a State vehicle violation. That is, the issue is

not whether the department was substantially justified in alleging that Dryja committed the violation. Rather, the issue to which the test applies is whether the department was substantially justified in taking the position that discharge is the appropriate discipline for that violation. That is, the issue is whether the department was substantially justified in seeking discharge for that one violation.

¶61 The first prong requires that the department have a reasonable basis in truth for the facts alleged. *Sheely*, 150 Wis. 2d at 337. Whether the department had a reasonable basis in truth for the facts alleged is a question that looks to whether an agency conducted an insufficient investigation of the facts or made its decision "without regard to whether the facts would support [it]." *Bracegirdle v. DRL*, 159 Wis. 2d 402, 427, 464 N.W.2d 111 (Ct. App. 1990). The record establishes that the department took the same position as to one violation that it had taken as to three violations, without investigating or considering the discipline imposed in comparable cases involving similar conduct. Indeed, the department justified its unchanged position solely by relying on the violation constituting serious misconduct under the statute. In other words, the department relied on the legal significance of the violation without considering whether the fact of the violation supported discharge, when it was the only violation at issue, Dryja had no prior disciplinary record, and discharge had not been imposed without progressive discipline for similar conduct. Accordingly, we conclude that the department did not satisfy the first prong of the *Sheely* test.

¶62 The second prong requires that the department have a reasonable basis in law for the theory propounded. *Sheely*, 150 Wis. 2d at 337. It is undisputed that, as explained above, the violation constitutes serious misconduct, for which just cause exists to support discharge without imposing progressive

discipline. *See* WIS. STAT. § 230.34(1)(a). Accordingly, we conclude that the department satisfied the second prong of the *Sheely* test.

¶63 The third prong requires that the department show a reasonable connection between the facts alleged and the legal theory advanced. *Sheely*, 150 Wis. 2d at 337. The record before the commission shows no such connection. First, Dryja had a clean disciplinary record at the time of discharge after 19 years of service with the department. Second, in previous instances of a similar work rule violation committed by another employee, the department had not sought discharge. Specifically, conservation wardens who transported their children in a State vehicle were reprimanded or given a three-day suspension but were not discharged. As for other "misuse or abuse of State property" violations, in one instance, a conservation warden who had previously been warned about his conduct received a one-day suspension for trapping animals for personal use, while in uniform, on duty, and using a State vehicle. Another conservation warden with a record of disciplinary action against him received a five-day suspension for misusing or abusing agency property and falsifying agency records by not reimbursing the State for personal miles with his State vehicle. Although prior disciplinary actions taken by the department in factual circumstances similar to those here are not dispositive, our review of the record, including these comparative examples, leads us to conclude that the department failed to show a reasonable connection between the facts and its legal theory for discharge.

¶64 The commission contends that almost all of the examples of the department's previous imposition of a lesser level of discipline on employees for violating the same work rule as Dryja predated a change in the statute that now expressly states that misuse of state property is an act of misconduct that could lead to discharge. Even in light of this, we are not persuaded that the statutory

change established a reasonable connection between the facts of comparable discipline, together with Dryja's clean disciplinary record over 19 years of service, and the legal availability of discharge for this one violation.

¶65    The commission also argues that in reaching its conclusion in the October 2021 order, it properly considered the department's original position. We reject this argument because it is not responsive to the proposition that the department's post-remand position was not substantially justified, thereby entitling Dryja to costs related to the post-remand proceedings. That is, even if the department's original position was substantially justified, the commission erred in using that as a basis to conclude that the department's taking the same position after remand was also substantially justified.

¶66    Finally, the commission argues that Dryja's second application for costs should be viewed as a supplement rather than a separate motion for costs with a specific argument that the department's post-remand discharge position was not substantially justified. However, the commission does not explain why Dryja simply tacking on the post-remand costs to the first application for costs is a basis for concluding that the department's post-remand position was substantially justified.

¶67    In sum, we conclude that the department failed to establish that its position seeking to discharge Dryja for the one work rule violation of transporting his children in a State vehicle without authorization was substantially justified. Accordingly, Dryja is entitled to recover costs related to the post-remand

commission proceedings, and we remand for the circuit court to determine those costs.[7]

## CONCLUSION

¶68     We conclude that Dryja is entitled to mandamus relief and the circuit court did not erroneously exercise its discretion in granting the relief that it ordered. We also conclude that Dryja was a prevailing party and the department's post-remand position was not substantially justified. Accordingly, we affirm and remand to the circuit court to review Dryja's request for costs related to the post-remand commission proceedings.

*By the Court.*—Order affirmed and cause remanded with directions.

Not recommended for publication in the official reports.

---

[7] WISCONSIN STAT. § 227.485(6) allows the circuit court to determine costs relating to an administrative proceeding inasmuch as it may modify the agency's order awarding costs. Sec. 227.485(6) ("[T]he court on review may modify the order for payment of costs in the final decision under sub. (5)."). Dryja requested that the circuit court determine costs and the commission did not object. Accordingly, we remand to the circuit court.